BARR v. VILLAGE OF BAINBRIDGE.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. HIGHWAYS—PERSONAL INJURIES—QUESTION FOR JURY.
   Whether a pile of rubbish in a village street was of a character to frighten a horse is a question for the jury.
2. SAME.
   It is a question for the jury whether a pile of rubbish calculated to frighten horses had remained in the street so long that the village authorities should have taken notice of its existence.
3. SAME—VILLAGE STREETS—SUFFICIENCY OF EVIDENCE.
   A village street was three rods in width. The traveled track of the street was about one rod in width, and was all upon the northerly side of the center line of the street. A pile of rubbish, which frightened plaintiff's horse and caused a runaway, was about eight feet southerly from the southerly side of the traveled track. *Held*, that the pile of rubbish was within the limits of the street.
   Landon, J., dissenting.

Appeal from special term, Chenango county.

Action by Betsey Barr against the village of Bainbridge for personal injuries caused by her horse taking fright at a pile of rubbish lying in a street in the village. At the trial her complaint was dismissed, with costs, and judgment entered thereon, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

George A. Haven (John W. Church, of counsel), for appellant.
W. B. Matterson (George W. Ray, of counsel), for respondent.

PARKER, P. J. Evidently the question whether the pile of rubbish of which the plaintiff complains was of a character calculated to frighten horses, and whether it had remained there so long a time that the village authorities should have taken notice of its existence, were questions of fact for the jury; and it was error to withdraw those questions from the jury, provided such pile was in such a locality that the village authorities had control over it, and were responsible for its continued existence. The crossroad upon which the plaintiff was traveling when the horse became frightened was not a public highway, and was not, as matter of fact, in the care or control of the village authorities. Although some of the public had used it for many years, it had never been adopted as a highway by any public authority. Speir v. Town of New Utrecht, 121 N. Y. 420, 24 N. E. 692; Lewis v. Railroad Co., 123 N. Y. 502, 26 N. E. 357. The horse became frightened, and the injury occurred just as they were entering from this crossroad into Lower West Main street, which is conceded to be one of the streets of the defendant village, and one which it is bound to keep in proper repair. If the pile of rubbish at which the horse took fright was located in Lower West Main street, then a question arises whether the village was not liable for injuries resulting from its being there, even though the horse took fright while in the crossroad, and just before entering upon such village street. The trial judge assumed that this pile was entirely within the crossroad, and nonsuited the plaintiff upon the theory that, no part of it being within the limits of Lower West Main street, it was an obstruction or object over which the village authorities had no control. But, from the evidence in this record, it is not at all clear that such assumption was correct. The map shows that Lower West Main street is a three-rod road, and that the traveled track, which is indicated thereon by two white lines, is about one rod wide, and that such track is all upon the northerly side of the center line. It is testified to by several witnesses that this pile of rubbish was about eight feet southerly from the southerly side of the traveled track. If such are the facts, the pile was clearly within the limits of Lower West Main street. It must, under such conditions, have been at least 24 feet north of the southerly line of that three-rod street. Certainly, upon this evidence, it should not be assumed by the court that the pile in question was not within the limits of Lower West Main street, which is concededly a street over which the village has control, and one

from which it is obligated to remove, after reasonable notice thereof, all objects calculated to frighten horses.    The plaintiff's counsel asked to take the verdict of the jury upon that question, and the refusal of the court to permit him to do so was, in my opinion, error.

Judgment reversed, and new trial granted, costs to abide the event. All concur, except LANDON, J., dissenting.

LANDON, J. (dissenting).   The village is liable, if at all, because it did not do its duty in making its highway reasonably safe for travelers thereon.    As the plaintiff was not thereon, the village, in its capacity as a highway commissioner, failed in no duty to her.    At any rate, taking the facts as the Presiding Justice states them, I have my doubts.