### CITY OF KOKOMO ET AL. v. BORING.

[No. 3,074.    Filed April 26, 1900.]

MUNICIPAL CORPORATIONS.—*Streets.*—*Obstruction.*—*Platform Scales.* —*Personal Injuries.*—*Negligence.*—A judgment for damages for personal injuries sustained by plaintiff in driving a sprinkling wagon upon platform scales in the street of defendant city will not be reversed on account of answers to interrogatories showing that the platform was about one inch below the level of the street, and constituted a material obstruction to travel on the street, and that plaintiff knew of its existence and could have avoided it, but purposely drove upon it, where it was shown that the platform was a part of the street, and was so used by the public generally.

From the Howard Superior Court.    *Affirmed.*

*J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellants.

*L. J. Kirkpatrick, J. F. Morrison* and *T. C. McReynolds,* for appellee.

City of Kokomo *v.* Boring.

ROBINSON, J—Action to recover damages for personal injury. Appellee was driving a street sprinkling wagon on one of appellant's streets in which were some platform scales. In driving upon this platform, it broke, and overturned the wagon, throwing appellee to the ground, and injuring him. Complaint in two paragraphs. Demurrer to each overruled. Answer of general denial. Jury returned general verdict for appellee, and also answers to interrogatories. Appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict was overruled, and this ruling is the only error assigned which is discussed. It is conceded that to permit the platform scales to be and remain in the street is negligence, and a reversal is asked upon the ground that, by the answers to interrogatories, it is shown that appellee assumed the risk when he drove upon the platform of the scales.

High street in appellant city runs east and west. The south line of the platform scales is three feet from the south curb line. The platform, which covers an excavation two or three feet deep, is fifteen feet long east and west, and eight feet four inches wide, and is within a wooden framework, level with the surface of the street, the platform being about one inch below the surface of the street and wooden frame. Between the north side of the platform and the north side of the street the street is twenty-three feet wide, unobstructed, and safe for heavily loaded wagons. Appellee's eyesight was good, and the accident happened about 8 o'clock in the forenoon of April 13th. The scales were a material obstruction to travel on the street. Appellee knew of their existence and location at the time, and of the one inch depression of the platform. He voluntarily and purposely drove upon them. He could have avoided driving upon them by driving near the center or north side of the street, where there was ample and sufficient unobstructed space in a reasonably smooth and safe condition for driving a loaded wagon.

It is argued that these facts show that appellee assumed the risk when he drove upon the scales. There is a further finding that appellee's wagon, a short time before this accident, had broken down a similar pair of scales a short distance from the scales in question, of which fact appellee knew. But this fact, of itself, lends no aid in the absence of some showing as to the same or similar conditions existing at the time of both events.

We can not agree with counsel that an abrupt descent of one inch from the surrounding framework to the level of the platform was of itself a condition such as to warn appellee of the danger. That fact of itself was not notice that it was unsafe. The platform was in and a part of the street, and was so used by the public generally. The one inch depression did not of itself overturn the wagon. That which was in fact a part of the surface of the street gave way. A defective sill under the platform, of which defect appellee had no knowledge, broke. There was nothing in the outside appearance of the platform to indicate that the sill was weak. It is not shown that he was making any extraordinary use of the street. It is true he purposely drove upon the platform, but the jury say it was necessary in order to sprinkle the street to the south gutter. Aside from the depression of one inch, there was nothing in the appearance of the platform to attract attention, and there was nothing in its appearance to suggest that it would be dangerous to drive upon it. The street at that point was a much traveled street, and the public frequently drove on and across the platform in traveling the street. Appellee, in the absence of knowledge, had the right to act upon the presumption that the platform, being in and a part of the street, was safe for the purposes for which the public ordinarily used the street. Appellee drove where he had a right to drive. He was at the time making a lawful use of a public street. He had no knowledge of any danger. There was nothing to warn him of any danger. He was not re-

quired to anticipate that the platform, as a part of the street, was maintained in an unsafe condition.

It is not necessary to cite authorities to the effect that no presumptions are indulged in favor of answers to interrogatories, and that they can not overthrow the general verdict unless they are in irreconcilable conflict with it upon some essential elements necessarily found by the general verdict. All doubts are resolved in favor of the general verdict, and if, with the facts specially found, other facts could have been found under the issues which would harmonize the facts specially found with the general verdict, the latter must stand. While the platform in the street was in a sense an unlawful obstruction, yet it was not an obstruction which in and of itself impeded or obstructed appellee's passage. Had the condition of the thing itself remained unchanged, no accident would have happened. As appellee saw it, it presented no obstruction, because, in its apparent condition, it could be passed over safely. Its existence in the street may have been unlawful, or it may have been a nuisance, but that did not necessarily make it dangerous. He knew of the existence of the thing itself, but he did not know that it was dangerous. There was nothing to suggest danger. A post, a ditch, a bank in a street, are obstructions. They, in and of themselves, and in their then condition, suggest danger. They are visible defects, which in and of themselves obstruct the passage. Thus in *Jonesboro, etc., Co.* v. *Baldwin,* 57 Ind. 86, appellee drove into a hole in a turnpike, with notice of the defect. In *Brubaker* v. *Town of Covington,* 69 Ind. 33, 35 Am. Rep. 202, appellant, knowing of the existence of an open cellarway in the sidewalk, attempted to pass it in the night. In *Town of Gosport* v. *Evans,* 112 Ind. 133, appellee knew of the defect, and, while attempting to pass over the place in the night-time, struck her foot against a brick which projected above the surface of the walk. In *City of Indianapolis* v. *Cook,* 99 Ind. 10, appellee had knowledge of the obstruc-

tion, which consisted of a water box in the sidewalk about one and one-fourth inches above the surface. In *Weinstein* v. *City of Terre Haute*, 147 Ind. 556, appellant drove against a hitching-post three and one-half feet high.

In the above cases the thing itself was an obstruction, and caused the injury in the condition in which it was encountered. The thing itself suggested the danger. The rule as to assumption of risk in such cases is not applicable in the case at bar. The difference between these cases and the case at bar is like that which exists between an open, exposed excavation, and one apparently safely covered and protected. As we construe the answers, there is nothing in them in conflict with the finding of the general verdict that appellee, in driving upon the platform, did what a reasonably prudent man would have done under like circumstances. There is nothing in the answers to show that appellee attempted to pass over a place in the street obviously dangerous, or which he knew was dangerous.

The motion for judgment on the answers was properly overruled. Judgment affirmed.