## CITY OF HUNTINGTON v. LUSCH.

[No. 4,705.    Filed March 11, 1904.    Rehearing denied May 17, 1904.
Transfer denied July 1, 1904.]

MUNICIPAL CORPORATIONS. — *Defective Street.* — *Negligence.* — *Notice.* — *Complaint.*—In an action against a city for damages resulting from a horse becoming frightened at a stump lying in the street, and running over an unguarded side of the street into a river, a complaint shows sufficient notice of the obstruction and defects which avers that the stump was there and the side of the street left without barricades for two weeks, so that the city knew thereof and failed to remedy it.    *pp. 479–482.*

SAME.—*Obstruction in Street.*—*Question for Jury.*—Whether a stump remained in a street so long that the city authorities should have known of its presence, and whether it was a thing adapted to frighten horses, are questions for the jury.    *p. 479.*

WITNESSES.—*Leading Question.*—The question propounded to a witness, "This is the only instance that any horse ever went over the bank, that you know of, isn't it?" is leading.    *p. 482.*

APPEAL.—*Ruling on Admission of Evidence.*—*Review.*—A party having procured a ruling of the court, whether correct or erroneous, excluding affirmative evidence tending to prove a certain fact, can not complain that he was not thereafter permitted to disprove the fact in a negative manner.    *p. 482.*

EVIDENCE.—*Photographs.*—In the trial of an action for damages resulting from an obstruction in a street, photographs of the obstruction are admissible in evidence, where it is shown that the photographs correctly represent the place at the time of the injury.    *pp. 482, 483.*

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Action by John Lusch against the city of Huntington. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*U. S. Lesh* and *Eben Lesh*, for appellant.
*C. W. Watkins* and *H. C. Morgan*, for appellee.

BLACK, J.—The amended complaint of the appellee contained two paragraphs, and the appellant's demurrer to each of them, for want of sufficient facts, was overruled.  In each paragraph the appellee sought the recovery of damages for injury to himself and the death of his horse and injury to

his vehicle. In the first paragraph it is alleged that by reason of the negligence of the appellant in leaving, or permitting to be left, a large stump on a street of the city, named Front street, along which appellee was driving on or about March 31, 1902, about one hundred twenty feet east of its intersection with Briant street, of that city, his horse became scared, and shied at the stump, running off into the river on the north side of the street; that the appellant negligently left the stump in the street; that the stump "was there for some time, to wit, ten days; and that by reason of its being there for a long period the city was bound to take notice of said stump being in said street, and that said defendant was negligent in permitting said obstruction to remain for a long period, and that said city had reasonable time to remove said obstruction, which defendant refused and negligently failed to remove," etc.

In the second paragraph it was alleged that the street in question, for two hundred feet or more, was along and on the south bank of Little Wabash river, the bank of which was perpendicular and ten feet high above the water, which was eight feet deep; that "there are no barricades or fence" along the top of the bank, or anything to prevent horses hitched to buggies and wagons, and becoming frightened, restless, or unmanageable, from falling into the river from the north side of the street; that on March 31, 1902, the appellee was driving along the street, and by reason of the negligence of the appellant leaving, and permitting to be left, a large stump, that had been torn up by the roots, on the street, the appellee's horse became frightened and shied to the right, and by reason of the negligence of the city in not erecting barricades on the north side of the street, where the street was unsafe and dangerous, the horse ran to the right, and fell over the bank into the river; that the horse was drowned in the river, etc.; "that said stump was left in said street and said bank on said river left unprotected by barricades for a long time, to wit, two weeks, and

so long that defendant knew of such obstruction, and failed to erect barricades, or might have known by the use of ordinary and reasonable diligence," etc.

The only objection urged against the complaint, fully illustrated by the portions thereof which we have set out, is that neither paragraph sufficiently shows notice to the municipal corporation of the alleged defects.

It is not alleged in either of the paragraphs of complaint before us that any of the defective conditions stated were caused by the direct act or order of the city or by any person acting under its authority. It is not charged in either paragraph that the city thus placed, or caused to be placed, the stump in the street, but it is alleged in the first paragraph that the appellant negligently left the stump in the street, and that by reason of the negligence of the city in leaving the stump, or permitting it to be left, in the street, the horse shied at the stump, running off into the river. In the second paragraph, the absence of barricades, etc., was alleged in the present tense, without any charge of negligence in that allegation. It was further alleged that on a date mentioned the appellee was driving along the street, and that by reason of the negligence of the city in leaving the stump, and permitting it to be left, on the street, the horse became frightened and shied, and by reason of the negligence of the city in not erecting barricades the "horse ran to the right, and fell over the bank into the river."

It is not directly shown that, the city having caused the street to be so made that barricades were necessary to render it safe, it had negligently failed so to render it safe, by never having provided reasonably sufficient barricades. It is not certainly shown that the street was rendered unsafe, either by reason of the presence of the stump, or because of the absence of barricades, by the direct act, order, or authority of the municipal corporation.

A city must not only make and keep in a reasonably safe condition the traveled portion of its streets, but also it is required to take such measures as are dictated by ordinary prudence to protect persons lawfully using a street, and exercising therein ordinary care, from falling into dangerous places along the side of the street. *City of Delphi* v. *Lowery,* 74 Ind. 520, 39 Am. Rep. 98.

But when it is sought to hold a city responsible for an injury to one in making such use of its streets, caused by a defect therein, the fault ascribed to the city being its neglect or omission to keep the street in repair, or caused by a defect therein created by wrongful act of another person, it is a rule of pleading in this State that it is not sufficient merely to charge the municipal corporation with negligence, but the complaint must also contain an averment that the city had notice of the defect which caused the injury, or such facts must be alleged that the court may determine as a legal conclusion therefrom that the city had notice, or under the circumstances ought to have known, of the defect in time to have remedied it before the occurrence of the injury. The city, in such case, is responsible for failure to exercise reasonable diligence to repair or to prevent injury, after knowledge of the dangerous defect, or after it ought to have known of it in the exercise of reasonable care and diligence. It should appear that the city had time to remedy the defect and make the way safe after it became known to the city, or after the city ought to have discovered it.

The question whether or not the stump had remained in the street so long a time that the municipal authorities should have taken notice of its presence there, as well as the question whether or not it was a thing adapted to frighten a horse, was a question of fact for the jury. *Barr* v. *Village of Bainbridge,* 59 N. Y. Supp. 132.

In *Scoville* v. *Salt Lake City,* 11 Utah 60, 39 Pac. 481, it was said: "The question of notice is not alone deter-

mined from the length of time a defect has existed, but also from the nature and character of the defect, the extent of the travel, and whether it is in a populous or sparsely settled part of the city."

In *City of Indianapolis* v. *Murphy,* 91 Ind. 382, in discussing the evidence, it was said that there was testimony that the defect in the alley had existed for the period of six weeks preceding the injury, and that "from the length of time the defect had existed, and the other facts and circumstances of the case, the jury were warranted in inferring knowledge on the part of the city."

In *Turner* v. *City of Indianapolis,* 96 Ind. 51, it was decided that before the city could be held liable for not removing the obstruction there in question—a large rock— from the street, it must be shown by averments in the complaint that it had notice of the existence of the obstruction in the street, and that a reasonable time had elapsed before the accident for the removal of the same, or that it had remained there so long as to justify the presumption of such notice.

In *City of Logansport* v. *Justice,* 74 Ind. 378, 39 Am. Rep. 79, there was an instruction to the jury that if the defective condition of the bridge in question "had continued for several days or weeks then the city will be presumed to have notice such as will bind her in that regard." It was said by the court that the jury specially found that the bridge had been in the condition it was in at the time of the injury for "about two weeks," and that there had been negligence on the part of the city or of her street commissioner, at and before the accident, to keep the bridge in repair, when it was discovered to be out of repair. The court said: "Under any ordinary circumstances, and the evidence discloses nothing extraordinary, the fact of a bridge having been out of repair and in a dangerous condition so long would warrant an inference of knowledge on

the part of the officers of the city, or some of them having duties in reference thereto, of the fact." See, also, *City of Indianapolis* v. *Scott,* 72 Ind. 196.

In *Town of Spiceland* v. *Alier,* 98 Ind. 467, it was said: "It may be that if the complaint alleged that the defect in the sidewalk existed for six, or even three, months before the injury, the appellant's notice of such defect would be presumed."

In *City of Evansville* v. *Wilter,* 86 Ind. 414, where the injury was caused by a large stone lying on the sidewalk, it was alleged in the complaint that the city had negligently, wrongfully, and unlawfully allowed and permitted the stone so to lie upon the sidewalk, both day and night, for several months. This was held sufficient to show that the city, if diligent in the discharge of its duty, must have had notice of the obstruction.

In *Town of Elkhart* v. *Ritter,* 66 Ind. 136, the complaint alleged that the excavation in the sidewalk was upon one of the streets of the town most used by the public for ordinary business purposes, "and was by the defendant so negligently and carelessly allowed to remain, several days prior to said accident, without any proper or sufficient guards, light, notices or railings to warn people and prevent them from falling therein." It was held that the complaint stated facts from which the clear inference was that the town had knowledge of the excavation and its condition.

In *City of Aurora* v. *Bitner,* 100 Ind. 396, a paragraph of complaint was held sufficient wherein it was alleged, "that for more than —— days before the time of the injury hereinafter complained of, the defendant allowed the boards of said crossing to become loose and insecure, and that the defendant had notice that said crossing was in an insecure and dangerous condition for more than two days prior to the time of said injury, but that she wholly failed, neglected, and refused to repair the same."

The complaint is poorly composed, but we have concluded that such meaning may be gathered from its somewhat rambling averments as to require us to hold the pleading to be not insufficient in the matter to which the appellant's objection relates.

The appellant's motion for a new trial was overruled. One of the causes stated in the motion was alleged error in sustaining the appellee's objection to a question propounded on redirect examination of one of appellant's witnesses, who had resided near the place of the injury for a number of years. In the motion the question was stated thus: "Is this the only instance that any horse went over the bank, that you know of?" In the bill of exceptions the question is shown to have been as follows: "This is the only instance that any horse ever went over the bank, that you know of, isn't it?" The question propounded by the appellant to his own witness was objectionable as being leading and plainly suggestive of the answer desired. If evidence that the witness had not knowledge of any other instance of a horse going over the bank might be regarded as tending to prove that no other horse had done so when the circumstances were the same as those of the case on trial, and might be received for such purpose, yet it appears in the record that upon the motion of the appellant the court had previously excluded evidence introduced by the appellee that another horse scared at the stump in question and shied away from it. Having procured a ruling of the court, whether correct or erroneous, excluding such affirmative evidence, the appellant could not consistently complain of the court's exclusion of his proposed negative evidence.

Another ground assigned in the motion for a new trial was the introduction in evidence of each of two photographic views of the place where the injury occurred, one of them showing the stump in question, the ground of objection being that the photographs were not taken at or about the time of the injury, or when the things shown were situ-

ated as at that time, but things were changed and shifted by interested parties, and the photographs taken.    The appellee had testified that a day or two after the injury he passed along the road, and that then the stump was not in the street, but had been rolled into a vacant lot; but he further testified that when the photographs were taken the stump had been brought back, and was in the same place; that it was placed by Mr. Morgan or some one in the identical place, as near as it could be placed there.    The court permitted the photographs to be exhibited to the jury, in connection with all the other evidence in the case, but stated that the jury were not to be bound by the photographs; that they might apply the evidence with them.    There being evidence to the effect that there was no material change in the appearance of the place of the injury, and that the photographs correctly represented the place at the time of the injury, the court did not err in admitting the photographs in connection with the other evidence in the case. *Keyes* v. *State,* 122 Ind. 527; *Miller* v. *Louisville, etc., R. Co.,* 128 Ind. 97, 25 Am. St. 416; *Douglass* v. *State,* 18 Ind. App. 289.

It is claimed that the court erred in some of its instructions to the jury, and in rejecting a number of instructions proposed by the appellant.    Upon comparing the instructions given with each other, and considering these instructions as a whole, we find that the court fairly presented the case to the jury, and in its instructions sufficiently covered the pertinent and correct instructions which were rejected.

The evidence can not be regarded by us as insufficient. It was within the province of the jury, as before stated, to determine upon the evidence whether or not the stump was an object adapted by its appearance to frighten horses passing along the street.    The question as to the appellee's contributory negligence was properly left to the jury, under the instructions of the court.    There was evidence not

merely as to the value of the property, but also as to personal injury of a serious nature, suffered by the appellee, and we are unable to determine that the amount of recovery in the sum of $400 was too large.

Judgment affirmed.