## TOWN OF MONTICELLO *v.* CONDO.

[No. 6,951.    Filed April 25, 1911.]

1. MUNICIPAL CORPORATIONS.—*Streets.—Adjacent Dangers.—Negligence.*—A town is liable for permitting dangerous unguarded places to remain along the sides of its streets, or in close proximity thereto.    p. 492.

2. MUNICIPAL CORPORATIONS.—*Defective Streets.—Notice.—Contributory Negligence.*—A pedestrian is not necessarily guilty of contributory negligence in using a street known to be defective, the law merely requiring the use of care commensurate with the known danger.    p. 492.

3. TRIAL.—*Undisputed Facts.—Court.—Jury.*—Where the facts are undisputed and but one reasonable inference can be drawn therefrom, the question is for the court, otherwise for the jury.    p. 493.

4. MUNICIPAL CORPORATIONS.—*Dangerous Streets.—Use of.—Contributory Negligence.*—A woman who uses a street known to be so dangerous that ordinarily prudent persons would not use it, is guilty of contributory negligence.    p. 493.

5. MUNICIPAL CORPORATIONS.—*Defective Streets.—Negligence.—Contributory.*—A woman who attempts to travel in the night, without a light, over a dark street known to be situate along a dangerous, unguarded precipice, is not guilty of contributory negligence as a matter of law, where she uses care in trying to keep in the street.    p. 493.

From White Circuit Court; *James P. Wason*, Judge.

Action by Catherine Condo against the Town of Monticello. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William E. Uhl,* for appellant.

*Reynolds & Sills* and *George W. Kassabaum,* for appellee.

FELT, J.—An appeal from a judgment in favor of appellee for $700 for personal injuries. The errors assigned by appellant question the sufficiency of the second paragraph of appellee's complaint and the action of the court in over-ruling the motion for a new trial. Judgment is asked on the answers to the interrogatories, notwithstanding the general verdict.

The complaint alleges that on July 26, 1906, and for eight years prior thereto, appellee resided in the town of Monticello, Indiana, on the west side of Main street, and near a certain bridge; that the south end of said street crosses a small creek, which is spanned by a stone arch or bridge, over which is an embankment about twelve feet high; that at this point there were no sidewalks, and the traveled roadway was about forty-six feet wide, and was used by pedestrians and vehicles; that when said arch and embankment were constructed, appellant placed railings along both sides, but about three years before appellee's accident, the railing on the west side fell, and no other protection was provided until after said accident; that by the negligence of appellant said declivity on said day was without any railing or barrier; that appellant had notice and knowledge of said dangerous condition in time to remedy it and prevent appellee's injury; that on the evening of July 26, 1906, appellee went from her home south of said bridge, to see and care for a sick neighbor who resided a short distance north and east of said bridge; that she started home about 10 o'clock; that the night was very dark and the street was not lighted; that without any fault or negligence on her part, and in the exercise of due care to avoid injury, she proceeded in the usual way along said street in the direction of her home; that she walked slowly, felt her way with her feet, and looked in the direction in which she was

going; that while so doing she fell from the west side of said embankment, at the point where there was no railing or guard, down said declivity, a distance of about twenty feet, by which fall her left leg was broken and other injuries were sustained.

The answers to the interrogatories find the facts as alleged in the complaint, and that appellee knew for some time prior to the accident that the embankment where she fell was not protected by a railing or otherwise; that she used no light, and could by the use of a lantern or other light have prevented the accident which caused her injury.

No claim is made that the town is liable for failure to light the street, but liability is based upon the negligence of appellant in failing properly to guard the embankment at the bridge. Appellant does not, in its brief, controvert the question of its alleged negligence, and the sole contention is that the complaint, the evidence and the answers to the interrogatories show contributory negligence on the part of appellee.

The duty of municipal authorities to maintain streets in a reasonably safe condition for travel thereon extends not only to the traveled part of the highway, but requires

1. that such measures, as ordinary prudence suggests, be taken, to prevent persons who use ordinary care from falling into dangerous places along the sides of, or in close proximity to, streets. *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 522, 39 Am. Rep. 98; *Higert* v. *City of Greencastle* (1873), 43 Ind. 574, 600; *City of Vincennes* v. *Spees* (1905), 35 Ind. App. 389; *City of Huntington* v. *Lusch* (1904), 33 Ind. App. 476; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28.

A person is not necessarily guilty of negligence in attempting to pass over a public street which he knows to be dangerous, but in such case he must use care com-

2. mensurate with the known danger. *Citizens St. R. Co.* v. *Sutton* (1897), 148 Ind. 169; *City of Rich-*

*mond* v. *Mulholland* (1888), 116 Ind. 173; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, 13; *Toledo, etc., R. Co.* v. *Brannagan* (1881), 75 Ind. 490, 492; *City of Indianapolis* v. *Mullally* (1906), 38 Ind. App. 125.

There is here practically no dispute as to the facts. In such case, if all reasonable minds can draw but one inference from them, the question to be determined is one of law for the court; but where different conclusions may reasonably be drawn by prudent men from undisputed facts, the question is one for the jury. *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144; *Stroble* v. *City of New Albany* (1896), 144 Ind. 695, 698; *City of Franklin* v. *Harter* (1891), 127 Ind. 446, 448; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608; *City of Huntington* v. *Lusch, supra.*

This case differs from the cases where a person with knowledge of the defects and dangers, under circumstances where he may reasonably anticipate injury, attempts to use a street so defective or obstructed as to be generally out of use and practically impassable; for under such conditions it is negligence to attempt to use the street, and one who does so takes the risk or hazard upon himself. Likewise, where one with knowledge of the danger uses no care to avoid injury, he is guilty of contributory negligence, and cannot recover. *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 136, 2 Am. St. 164; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266; *City of Bloomington* v. *Rogers* (1894), 9 Ind. App. 230.

In this case, appellee is shown to have used some care to avoid injury, and the question presented for decision is, Did she use care commensurate with the known danger? The street was not impassable nor out of use to any extent, but was only rendered dangerous by the absence of the railing or guard. The danger was greater at night than in the daytime, but still the absence of a railing or guard made it dangerous in the daytime. Appellee

knew the condition of the street, but, notwithstanding that fact, she had the lawful right to use it either in the daytime or night-time. The complaint avers, and the jury found, that she walked slowly, felt her way with her feet, and looked in the direction she was going. The jury found that she did not carry a lantern or other light, nor use a stick to feel her way, as suggested by appellant's counsel. We think it plain that prudent men might reasonably conclude that her care was commensurate with the known danger. Others might find that, under such circumstances, the failure to carry a lantern or use a shepherd's crook to feel for pitfalls shows a want of care commensurate with the danger. We cannot, however, on such showing, adjudicate negligence precluding a recovery.

The question was properly submitted to the jury, and there is nothing in the record that warrants us in disturbing the finding. Judgment affirmed.