CITY OF ANDERSON *v.* REED.

[No. 13,052.   Filed April 20, 1928.]

*Arthur A. Beckman,* for appellant.
*Alfred Ellison* and *Harry G. Neff,* for appellee.

McMAHAN, J.—Action by appellee for damages to her person alleged to have been caused by reason of an obstruction to a sidewalk.   A trial by jury resulted in a judgment in favor of appellee.   Appellant's motion for

a new trial being overruled, this appeal followed. The error assigned relates to the overruling of the motion for a new trial.

The accident happened on the night of January 14, 1926, as appellee was traveling along a concrete sidewalk on the east side of Central avenue in the city of Anderson. The obstruction to the sidewalk consisted of an iron pipe which for several years had been projecting from the ground immediately adjoining the sidewalk and next to the property line. For six or seven months before the occasion of the injury to appellee, this pipe had been bent and extended out into and over the space occupied by the sidewalk. On the night in question, appellee, in returning to her home from visiting a neighbor, tripped over this pipe, fell and broke an arm. She had traveled over the sidewalk before and knew that the pipe extended out over the sidewalk, and, at the time of her injury was walking slowly along the walk in the dark, feeling her way so as not to fall over the pipe. It was so dark she could not see the sidewalk and pipe, and did not know the exact location of the pipe or how close she was to it. She was trying to keep away from it and to avoid striking it, when she caught her foot on it and fell.

While there is no evidence that appellant had actual notice of the defect in the sidewalk, the evidence is such as to charge it with constructive notice for a sufficient length of time to have, by the use of reasonable care, repaired the same prior to the time of the accident. *City of Valparaiso* v. *Chester* (1911), 176 Ind. 636, 96 N. E. 765.

Appellee was not required to forego the use of the sidewalk unless the obstruction was such as to render the use of the walk so dangerous that a person of ordinary prudence would not under the circumstances have attempted its use. *Cochran* v.

*Town of Shirley* (1909), 43 Ind. App. 453, 87 N. E. 993, and authorities there cited.

Whether appellee was guilty of contributory negligence in attempting to use the walk, was a question for the jury. *City of Indianapolis* v. *Mullally* (1906), 38 Ind. App. 125, 77 N. E. 1132; *Town of Monticello* v. *Condo* (1911), 47 Ind. App. 490, 94 N. E. 893.

Referring to instructions tendered and refused, by numbers, followed by the statement that they correctly stated the law and should have been given is not sufficient to present any question concerning the refusal to give such instructions. *General, etc., Car Corp.* v. *Melville* (1925), 198 Ind. 529, 538, 145 N. E. 890.

Complaint is made of instructions Nos. 8, 9, 14 and 15 given by the court on its own motion. The general statement that these instructions are misleading and do not state the law correctly, is not sufficient to present any question. We have examined each of the four instructions mentioned and do not find them subject to the objections urged. The court properly overruled the motion for a new trial.

Judgment affirmed.

Dausman, J., absent.