HEFFINGTON v. TICHENOR ET AL.

[No. 17,443. Filed March 15, 1946.]

*Roberts & Roberts,* of Evansville, for appellant.

*Craig & Craig,* of Evansville, for appellees.

FLANAGAN, C. J.—This action was brought by the appellant to set aside a contract for the purchase of certain real estate, deeds given as partial consideration therefor, and for damages, all on the basis of alleged fraudulent representations on the part of appellees. Trial to the court without the intervention of a jury resulted in judgment for appellees that appellant take nothing.

Error relied upon for reversal is the overruling of

appellant's motion for a new trial which charges that the decision is not sustained by sufficient evidence and is contrary to law. The appeal being from a negative judgment the assignment that the decision is not sustained by sufficient evidence presents no question. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

Under her propositions, points and authorities in presenting the proposition that the decision is contrary to law, appellant contends that appellees made false representations in two particulars and we quote the pertinent statements from appellant's brief on each point so raised:

(1) "Although the tenancy of the WASPs had expired when the transaction was completed, the appellees failed to reveal the fact, permitting the appellant to rely on their original representation that the property was renting and would continue to rent for more than $400 per month."

(2) "The appellant Flora B. Heffington contracted to purchase property from the appellees for a price greatly in excess of its real or rental value and in addition traded other properties."

There is much conflict in the evidence but this court may only consider that most favorable to appellees. On the two charges of fraudulent representation there is evidence of the following facts:

On October 30, 1944, appellee Perry H. Tichenor, who was engaged in the real estate business, approached appellant with a proposition to sell her a twelve-room house and its furniture located in Evansville, Indiana, and owned by appellee Perry H. Tichenor and his wife, appellee Elsie H. Tichenor. Together they went to see the property and examined it carefully inside and out. Appellant saw all the rooms

478

except a small back apartment. The entire house except this apartment was leased to the Women's Auxiliary Service Pilots at a weekly rental of $96. The small back apartment rented for $27.50 per month. Appellee Perry H. Tichenor informed appellant that the lease with the Women's Auxiliary Service Pilots expired between the 20th and 23rd of December but that if appellant bought the house he would help her get new tenants. He asked $12,750.00 for the property. Appellant wanted her son, an electrician, to see the house and he was taken to see the property and examined it carefully. Later appellant returned to the house and talked to one or two members of the Women's Auxiliary Service Pilots who told her that the group was leaving about December 20th.

On December 12, 1944, appellant and appellee Perry H. Tichenor went to the office of appellant's attorney where the contract in suit was executed. By the terms of the contract appellant purchased the twelve-room house and its furnishings for the sum of $12,500.00. The contract recites that $2,200.00 was paid in cash and provides that the balance shall be paid at the rate of $100 per month. On the same day, and as a part of the same transaction, appellees purchased from appellant two properties for the sum of $3,200.00. One thousand dollars was paid to appellant in cash and the balance credited on the purchase price of the twelve-room house.

There is evidence in the record that the properties purchased by appellees from appellant were worth only $1,800.00 and that the property sold by appellees to appellant was worth $10,000.00 unfurnished and $12,500.00 to $13,500.00 with the furniture.

We think the above evidence amply justified the decision of the trial court so far as the two charges made by appellant as above set forth are concerned.

We have not been called upon to determine and do not determine whether the alleged misrepresentations if proved would constitute fraud.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 500.