THE PENNSYLVANIA RAILROAD COMPANY *v.* SARGENT, ADMRX.

[No. 17,752. Filed February 1, 1949. Transfer denied April 11, 1949.]

196

John M. Miller, George C. Forrey. III, Edward B. Raub, Jr., Burrell Wright and Jacob S. White, all of Indianapolis; and Richard L. LaGrange, of Franklin, for appellant.

Earl C. Townsend, Jr., and John F. Townsend, both of Indianapolis, for appellee.

ROYSE, P. J.—Appellee brought this action against appellant for damages for the death of her decedent in a railroad crossing accident at a point where Kitley Avenue in Marion County is intersected by the tracks of appellant.

The complaint is in two paragraphs. The material allegations of the first paragraph may be summarized as follows: That Kitley Avenue is a heavily traveled street and public highway running in a northerly and southerly direction in the city of Indianapolis, Marion County, Indiana; that appellant's railroad tracks running in a generally easterly and westerly direction intersect said Kitley Avenue at right angles and said crossing was owned and controlled by appellant; that commencing several hundred feet east of Kitley Avenue appellant's track is downgrade to such an extent there is a valley or dip in the tracks. Because of this low place trains are hidden from view of persons using said Kitley Avenue crossing while trains are passing over said low place in the tracks; that a group of telephone poles, trees, etc. about ten feet north of appellant's northernmost track and immediately east of Kitley Avenue blocks the view of any train approaching from the east. The following acts of negligence

were charged: Failure to keep the crossing in safe condition with respect to automobile traffic on Kitley Avenue, in that two deep ruts or pits had been worn in the macadam on said crossing; excessive speed at which it operated its train, to-wit: 70 to 80 miles per hour; failure to sound whistle or bell or give other warning of the approach of the train; and failure to install and maintain sufficient and proper warning signals to admonish travelers of appellant's trains. The second paragraph, in addition to the foregoing allegations, charged appellant's engineer saw decedent's car was stalled on the crossing and knew he was unable to move, and the accident could have been avoided if the engineer had used diligence to stop the train. Trial to jury resulted in a verdict for $10,000 in favor of appellee. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. Specifications of the motion question the sufficiency of the evidence and the legality of the verdict, the giving and refusal to give certain instructions, and errors in the admission of evidence.

We may consider only the evidence and the reasonable inferences which may be drawn therefrom most favorable to appellee. With this rule in mind, we are of the opinion the record discloses evidence from which the jury could have found or reasonably inferred the following facts:

That Kitley Avenue is a street and public highway at the eastern edge of the city of Indianapolis. It runs north and south and at a point about two squares south of East Washington Street it is intersected at a right angle by the double tracks of appellant. This point of intersection is just outside the city limits of Indianapolis. There is a heavy line of traffic on Kitley Avenue across this intersection.

A row of Lombardy Poplars ran about 150 feet east of Kitley Avenue, the branches of which trees and other shrubbery hung over the right-of-way ten feet or more. Bushes and weeds on the north right-of-way of the tracks extended about 100 feet east of the crossing. There was also a row of telephone poles running eastward just north of the tracks. These conditions obscured the view of the tracks to the east. Because of the dip in the tracks on the east side it was impossible to see a train approaching from the east until within three or four feet of the north track; that when you were within three or four feet of the north track you could see only ten feet to the east on the track. On the day involved and for some time prior thereto there were two ruts at the tracks of this crossing. They were from five to six inches deep and at least two feet wide. These ruts were about seven feet apart. The only signal at the crossing is the regular cross-arm signal. On October 17, 1945 appellee's decedent was driving his automobile south on Kitley Avenue from Washington Street. As he approached the crossing he was driving at a speed of from five to eight miles per hour; that because of the safe and reasonable manner decedent was driving his automobile, it did not have sufficient power to pull out of the ruts in the track in time to avoid the collision in which he was instantly killed. The train was traveling at a speed of about 90 miles per hour. It did not blow a whistle or ring a bell or give other warning of its approach. Decedent was familiar with this crossing and it was his practice to stop before proceeding across it. There was evidence from a driver who was about a block behind decedent that decedent did not stop before the collision. It was shown in evidence that a school bus driver had killed his engine in the ruts on this crossing a short time

before the day of the accident involved in this case. Appellant knew of the condition of this crossing. There had been other accidents of a similar nature at this intersection. We are of the opinion there was sufficient evidence to sustain the verdict of the jury. *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337; *Watson* v. *Brady* (1935), 205 Ind. 1, 12, 13, 185 N. E. 516; *Vanosdol, Receiver* v. *Henderson, Admr.* (1939), 216 Ind. 240, 22 N. E. 2d 812; *Bartley* v. *Chicago and Eastern Illinois Railway Company et al.* (1940), 216 Ind. 512, 522, 24 N. E. 2d 405.

But appellant contends the record discloses appellee's decedent was guilty of negligence as a matter of law and therefore the verdict is contrary to law. We cannot agree with this contention. We are of the opinion that the question of whether decedent was guilty of contributory negligence that proximately contributed to his death was one of fact for determination by the jury. *Pennsylvania Railroad Company* v. *Lytle* (1941), 109 Ind. App. 318, 328, 329, 34 N. E. 2d 939; *Jones et al.* v. *Kasper* (1941), 109 Ind. App. 465, 475, 33 N. E. 2d 816; *New York Central Railroad Company* v. *Pinnell, Admrx.* (1942), 112 Ind. App. 116, 133, 40 N. E. 2d 988; *Bartley* v. *Chicago and Eastern Illinois Railway Company et al., supra,* pp. 522, 524, 525.

For the reasons hereinbefore set out, the trial court did not err in refusing to instruct the jury to find for appellant.

Appellant contends the trial court erred in giving to the jury appellee's instruction No. 5. This instruction related to the measure of damages. If there was any error in the giving of this instruction it was waived by appellant's failure to assign

as one of the specifications of the motion for a new trial that the verdict of the jury was excessive. *City of Terre Haute* v. *Webster* (1942), 112 Ind. App. 101, 110, 40 N. E. 2d 972; *Continental Assurance Company* v. *Krueger* (1946), 116 Ind. App. 693, 697, 66 N. E. 2d 133.

Appellee's instruction No. 10 given by the court told the jury that if they found by a preponderance of the evidence appellant failed to give the statutory signals of its approach, that was negligence and may be considered with all the other evidence in determining whether decedent was guilty of contributory negligence. We cannot agree with the appellant's contention that this instruction peremptorily requires the jury to find against appellant if the jury merely finds it failed to give the statutory signals. We believe the instruction was proper. *New York Central Railroad Company* v. *De Leury* (1935), 100 Ind. App. 140, 192 N. E. 125; *Vanosdol, Receiver* v. *Henderson, Admr., supra; Bartley* v. *Chicago and Eastern Illinois Railway Company et al., supra.*

The trial court refused to give appellant's instruction No. 2, which is as follows:

"I instruct you that under the evidence in this case there was no duty on the defendant to maintain at the crossing in question at the time involved in this case an automatic crossing bell to warn travelers on the highway of approaching trains."

We believe the court properly refused this instruction. The instruction was too broad. As tendered, it was misleading and confusing. Under the pleadings and the evidence in this case it was a question of fact for the jury to determine whether, because there was

no such signal, with all the other facts about this crossing, the train was being negligently operated. *Watson* v. *Brady, supra,* pp. 9 to 12; *Morley* v. *Cleveland, Cincinnati, Chicago & St. Louis Railroad Co.* (1935), 100 Ind. App. 515, 524, 525, 194 N. E. 806; *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Nichols, Admr.* (1922), 78 Ind. App. 361, 373, 374, 130 N. E. 546.

Appellant next contends the trial court erred in refusing to give its tendered instructions Nos. 4, 5, 8, 9, 11, 12 and 15. It asserts each should have been given for the reason each correctly states the law. This is not sufficient to present any question in reference to the refusal to give these instructions. *City of Anderson* v. *Reed* (1928), 87 Ind. App. 379, 381, 161 N. E. 829; *General American Tank Car Corporation* v. *Melville* (1926), 198 Ind. 529, 538, 539, 145 N. E. 890; *Gary Heat, Light & Water Company* v. *Lucas* (1937), 103 Ind. App. 638, 639, 7 N. E. 2d 536. Furthermore, the subject-matter of most of these instructions was adequately covered in other instructions.

Appellant next contends the trial court erred in giving its instruction No. 1 to the jury. This instruction is as follows:

"This is an action by Marie Sargent, administratrix of the estate of Gerald Sargent against the defendant, The Pennsylvania Railroad Company for the alleged wrongful death of Gerald Sargent. The complaint is in two paragraphs and will be furnished to you for your information and inspection in the jury room.

"To this complaint the defendant has filed an answer in specific denial which will likewise be furnished to you for your information and inspection. The complaint in two paragraphs and answer in specific denial thereto forms the issue in this case that is submitted to you to try and determine.

"And under the issues thus formed the burden is on the plaintiff to prove by a preponderance of the evidence each and all the material allegations contained in plaintiff's complaint."

Appellant's objection to the trial court on this instruction is as follows:

"It submits to the Jury and permits them to consider issues alleged in the complaint in support of which there is no competent evidence, and it is error to submit to the jury issues not supported by competent evidence."

Appellant here contends this instruction improperly stated the law and it is error to submit issues not supported by competent evidence. We do not approve this instruction. We believe the trial court should, in succinct, concise language, define the material allegations of the pleadings. However, the objection is entirely too general. It did not point out what issues submitted were not supported by competent evidence. Nor does it complain because the trial court did not define the material allegations of the pleadings. It does not comply with Rule 1-7, Rules of the Supreme Court (1946 Revision). *Allman et al.* v. *Malsbury et al.* (1946), 224 Ind. 177, 186, 65 N. E. 2d 106; *Keeshin Motor Express Company, Inc.* v. *Sowers* (1943), 221 Ind. 440, 446, 48 N. E. 2d 459; *Indianapolis Railways, Incorporated* v. *Williams* (1945), 115 Ind. App. 383, 405, 406, 59 N. E. 2d 586; *Johnnie J. Jones Exposition, Inc., et al.* v. *Terry* (1945), 116 Ind. App. 189, 195, 63 N. E. 2d 159. Appellant did not tender an instruction defining the material issues. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company* v. *Lightheiser* (1907), 168 Ind. 438, 459, 78 N. E. 1033.

By its instruction No. 2 the trial court told the jury the burden was on appellee to prove the material

allegations of her complaint by a preponderance of the evidence, and then correctly defined the term "preponderance of evidence." Appellant objected to the giving of this instruction for "the reason that it permits the jury to determine what are the material allegations of the complaint and as pointed out in the objection to Court's instruction No. 1, the complaint contains charges of negligence not supported by competent evidence." It has been repeatedly held that such an instruction is not erroneous. If appellant desired a more specific instruction it should have tendered it. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company* v. *Lightheiser, supra; Southern Surety Company et al.* v. *Kinney* (1920), 74 Ind. App. 205, 224, 127 N. E. 575; *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 111 N. E. 426.

Instruction No. 13 given by the court is as follows:

"In determining the question of negligence on the part of the defendant, or contributory negligence on the part of plaintiff's decedent, you should judge the acts of each under all the conditions surrounding the injury complained of as shown by the evidence."

Appellant objected to this instruction "for the reason that it permits the jury to consider evidence of the physical condition of the crossing in determining whether the acts of the plaintiff's decedent were negligent or otherwise. The evidence of defects in the highway adjacent to the railroad tracks at the crossing should not be permitted by the court to be considered by the jury for any purpose in this case." Under the pleadings we are of the opinion the jury had the right to consider such evidence on the question of contributory negligence.

By its instruction No. 14 the court told the jury the burden was upon appellee to establish by a fair preponderance of all the evidence the material allegations of her complaint as to her injury, and that some one of the acts of negligence of appellant as alleged in the complaint was a proximate cause of said injury. The instruction then defined "proximate cause." Appellant objected to this instruction for the reason it permits the jury to consider alleged acts of negligence which have not been proven by competent evidence. For the reasons hereinbefore set out in reference to instruction No. 1, this objection does not comply with Rule 1-7 of the Supreme Court.

Finally, appellant attempts to question the action of the trial court in the admission of certain evidence. The motion for a new trial did not set out the question, objections, or substance thereof, and therefore no question is presented to us.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 793.