CITY OF MITCHELL *v.* STEVENSON.

[No. 19,956. Filed September 8, 1964.]

342

*Mellen & Mellen,* of Bedford, for appellant.

*H. Wayne Baker,* of Bedford, for appellee.

FAULCONER, P. J.—Appellee recovered a judgment of $500.00 against appellant, City of Mitchell, in a trial to the court, without the intervention of a jury. Appellant assigns as error the overruling of its motion for new trial and confines its argument to the specification that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The evidence most favorable to appellee shows the following facts:

On October 30, 1957, at approximately 10:30 p.m., appellee and her husband visited the home of Nelson Bales at 316 West Oak Street in Mitchell, Indiana. The Bales' car was parked directly in front of their residence blocking the sidewalk that led from the curb across a grass plat to the sidewalk in front of the residence. Appellee's husband parked his car just behind the Bales' car, appellee alighted from the car

and started across the grass plat toward the Bales' home. She took a few steps and was thrown to the ground when her left foot tripped an ill-fitting meter cover and her foot and leg, up to the knee, plunged into the tile encasing a water meter. Appellee suffered a broken toe, hemetoma "two inches below the knee and a scratch not going through all layers of the skin that was five centimeters long." The water system is owned and operated by appellant city.

Appellant city first contends that appellee has not established by a fair preponderance of the evidence that she received her injuries on the date alleged in her complaint and statutory notice to appellant city under §48-8001, Burns' 1963 Replacement. The complaint alleged that the injuries were sustained October 30, 1957, which date was also given in the statutory notice to appellant city. Appellee testified in her conditional examination prior to trial that she first saw the doctor October 30, 1957, and that the injury was sustained October 27, 28 or 29, 1957. She also testified on that occasion that she could not be certain of the dates without reference to her records which she had turned over to her attorney, and on redirect examination she stated that the date on the notice to the city of October 30, 1957, is correct and that she would have gone to the doctor October 31st. Appellee's doctor testified in his deposition that he first saw appellee October 30, 1957, according to his records. On the trial, appellee and her husband both testified that the injuries were sustained October 30, 1957.

There is, therefore, some conflict in the evidence on this issue. But the trial court, in its capacity as trier of the facts, was able to see and hear the witnesses, observe their demeanor and determine where the truth lay. This court can con-

sider only that evidence most favorable to the appellee, together with all the inferences reasonably deducible therefrom and favorable to her cause. We will not reexamine or weigh the evidence, since that function is entrusted to the trial court. The only function this court exercises on appeal is to see if there was some competent evidence to support the trial court's determination. *Silverstein* v. *Central Furniture Co., Inc.* (1960), 131 Ind. App. 170, 176, 162 N. E. 2d 690; *Heffington* v. *Tichenor* (1946), 116 Ind. App. 475, 477, 65 N. E. 2d 500.

There is competent evidence in the record from which the trial court could have reasonably found that appellee was injured on the date alleged in her complaint and notice to the city. Therefore, the trial court's finding that the allegations of the complaint are true in that respect was not error.

Appellant next contends that there was no evidence of notice to, or knowledge on the part of appellant city of the defective condition of the meter tile cover. With this we cannot agree. Appellee's witness, Delores Bales, testified, in substance, that she observed the meter cover daily and could see that it was not fastened down; that possibly a week before appellee's injury she had called the city and asked for the Mayor who was not in and she then talked with Mr. Sylvester, the City Treasurer, and told him of the condition of the meter cover; that on one occasion a city employee came out and checked the meter cover but did not fasten it down. We believe this evidence was sufficient upon which the court could find that appellant city had notice of the defective condition of the meter cover.

Appellant finally contends that there was no showing of negligence on the part of the city and that,

in any event, appellee was guilty of negligence which proximately caused or contributed to her own injuries.

Municipal liability for injury resulting from defects in its streets and sidewalks arises out of the failure of the city to perform a common law duty to keep its streets reasonably safe for public travel. *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 235, 32 N. E. 2d 88. This liability is not discharged by making the traveled part of the highway safe, but such measures as ordinary prudence requires must be taken to prevent persons, using ordinary care, from falling into dangerous places along the sides or in close proximity thereto. *City of Delphi* v. *Lowery, Admx.* (1881), 74 Ind. 520; *Higert* v. *The City of Greencastle* (1873), 43 Ind. 574, 600; *City of Indianapolis* v. *Moss, Admr.* (1920), 74 Ind. App. 129, 133, 128 N. E. 857; *Town of Monticello* v. *Condo* (1911), 47 Ind. App. 490, 492, 94 N. E. 893; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 31, 59 N. E. 47.

However, the city's liability in this case, if any, results from its activities in its proprietary capacity as owner and operator of the water utility as alleged in the complaint. In such capacity the city's rights, privileges and duties are the same as any third person exercising a right to use public highways for some private purpose. As was said in *Indiana Natural and Illuminating Gas Co.* v. *McMath* (1901), 26 Ind. App. 154, 157, 57 N. E. 593:

"It is a nuisance and unlawful to place and keep or leave continuously in a public highway anything which either impedes or endangers public travel. This rule applies to the whole width of the highway, and not merely to a worn portion of it commonly used for passage. Privileges which, if usurped by a great number of persons

or corporations would change the road from a public easement to a mere special benefit or convenience to such usurpers, are not lawful for any of them. The uses must be consistent with the continued use of the road and every part thereof as a passageway by all persons exercising ordinary care."

The above statement was quoted with approval in *Indianapolis Water Co.* v. *Schoenemann* (1939), 107 Ind. App. 308, 320, 20 N. E. 2d 671, involving a fact situation almost identical to that in the instant case. There the adjoining owner had hired a private plumber to install a "curb box" containing the shut-off valve connecting the owner's water line with the main line of the defendant water company. The curb box extended above the ground level and was located within the grass plat between the curb and sidewalk. The water company had been notified of the dangerous condition of the curb box but had refused to remedy it. Plaintiff was injured when she tripped over the curb box after alighting from her automobile in the dark. This court, at page 320 of 107 Ind. App., said:

"Primarily, cities are responsible for the safety of the streets and alleys for travel, and one accepting a permit or franchise to use the streets and alleys for a private enterprise takes such permit with that burden and assumes the legal duty to use care, in the use of such streets and alleys in his business.

"While municipal authority has the power to grant special easements in the streets, this power is restricted by the rule which requires that only a reasonable use of the public highway may be granted to a utility, and as a part of the grant there remains the duty of the grantor primarily and of the grantee to maintain or restore the public way for the use of the traveling public."

And, further, at page 325:

> "Appellant by its original franchise and by the indeterminate permit was granted authority to use the streets of Indianapolis for the construction and operation of its business for profit. This grant carries with it, as a matter of law, the implied burden that its use of the streets, by its instrumentalities or otherwise, shall be exercised with reasonable care for the safety of those lawfully exercising their right to use the street for the purpose of travel."

We are of the opinion that the trial court was justified from all the evidence in the record in finding that appellant city was negligent in failing to secure the meter cover after having notice of its defective condition and that appellee's injury was a reasonably forseeable consequence of such negligence. And we cannot say, as a matter of law, that there is a complete absence of any evidence from which the trial court could have inferred or presumed that appellant was negligent, which is required before we will disturb such judgment.

It is appellant's position, however, that appellee's injuries resulted in whole or in part from her own negligence in walking across the grass plat when the city had provided a safe way by use of the sidewalk. Under the evidence it appears that appellee had no notice or knowledge of the presence of the meter cover or of its defective condition. Thus the rule, that where one has a choice of safe way and instead chooses a way of apparent danger assumes the risk and cannot maintain an action for injuries resulting therefrom, does not apply here. *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 575, 74 N. E. 250; *City of Kokomo* v. *Boring* (1900), 24 Ind. App. 552, 554, 57 N. E. 202. The doctrine of choice of ways

applies only where the danger is so great and apparent that a person of ordinary prudence would not have used the way under the circumstances. *City of Anderson* v. *Reed* (1928), 87 Ind. App. 379, 380, 161 N. E. 829. Whether appellee's choice of way under the circumstances amounted to contributory negligence and whether she acted with due care for her own safety was a question for the trier of facts. *City of Anderson* v. *Reed, supra,* at page 381 of 87 Ind. App.

From a review of the evidence we cannot say, as a matter of law, that the evidence clearly shows that said defect was so obvious and apparent that a person of ordinary prudence would have seen it or should have observed it with the use of ordinary care.

It is only where the evidence is without conflict and leads to one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as contrary to law. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529; *Strasser, et al.* v. *Powell, et al.* (1961), 131 Ind. App. 508, 513, 172 N. E. 2d 439.

Finding no reversible error, the judgment is affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 58.