JACKSON, ADMINISTRATRIX *v.* STELLINGWERF.

[No. 20,310. Filed September 9, 1965. Rehearing denied October 13, 1965. Transfer denied November 22, 1965.]

*Cook, Bayliff, Mahoney & Martin,* of Kokomo, for appellant.

*Russell T. Keith,* and *Keith & Berkshire,* of Peru, for appellee.

FAULCONER, J.—This is an appeal from a verdict and judgment adverse to appellant, plaintiff below, who brought this suit against appellee for damages for injuries received by appellant's husband while a passenger in appellee's automobile, from which injuries he died. Judgment was duly entered on the verdict.

The error assigned here is the overruling of appellant's motion for new trial. The only specifications of the motion

for new trial relied upon by appellant are that the verdict of the jury is contrary to law, and that the verdict of the jury is not sustained by sufficient evidence.

This being a negative judgment it may not be attacked by appellant on the ground that it is not sustained by sufficient evidence. *Hinds, Executor, Etc.,* v. *McNair, et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553, 558; *Carey* v. *Carey* (1961), 132 Ind. App. 30, 33, 171 N. E. 2d 487 (Transfer denied). 2 Ind. Law Encyc., Appeals, § 572, pp. 487-488.

We are, therefore, concerned only with the specification of said motion that the verdict is contrary to law.

We will reverse a verdict and judgment thereon as contrary to law only if the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion. *Hinds, Executor Etc.,* v. *McNair, et al., supra; Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, 673; *City of Mitchell* v. *Stevenson* (1964), 136 Ind. App. 340, 201 N. E. 2d 58, 62.

This court will not weigh the evidence and substitute its judgment for that of the trial court or jury. Further, if there is evidence or reasonable inferences therefrom to support the verdict of the jury, we will not reverse on an assignment that the verdict is contrary to law unless the appellant affirmatively shows that reasonable men could not have arrived at the same verdict or judgment. *Sheets* v. *Garringer* (1963), 135 Ind. App. 488, 194 N. E. 2d 757, 759.

Appellant's decedent was fatally injured when an automobile being driven by appellee left the highway and struck a utility pole after first crossing that part of the highway upon which opposite traffic traveled. The evidence on the cause of

appellee's automobile crossing and leaving the highway and ultimately striking the pole is conflicting. A detective in the sheriff's office testified, as appellant's witness, that he talked with appellee at the hospital shortly after the accident and was told by appellee that he was going 50-55 miles per hour and that he drove off the berm on the right side of the road, lost control of the car when he tried to get the car back on the highway and skidded across the highway into a telegraph pole.

Appellee, testifying for plaintiff-appellant, stated that to his knowledge he didn't go off the road, that he skidded, and went off the road after he went into a little skid and "hit the pole." He testified further that it was raining and the pavement was a blacktop; that to his knowledge he didn't drop off the highway; that the wet pavement caused the skid; and that he had slowed down to about 45 miles per hour. Appellee denied traveling faster than 55 miles per hour as charged in the complaint. He further testified that he had his car under control and was keeping a lookout; that he felt his car skid as he was going down the road; and that he "felt the back end go over a little bit, and it threw him [appellee] into a skid."

A witness for defendant-appellee testified that he estimated the car speed at 30-35 miles per hour in front of his house, which is located about 120 feet from the scene of the accident, and that the highway was "skiddy and slippery." Appellee, as a defense witness, testified that his driving lights and wipers were on, and his view was not obstructed; that prior to the accident he was going 50-55 miles per hour and had slowed down and that the back end of the car gave a little jar and threw the car into a skid; and that there was a tar strip where an addition to the pavement had been made, and the wheel apparently caught this strip and threw him "into this skid." Appellee denied stating in his conditional examination that the wheels dropped off the road.

Appellant argues almost exclusively in her brief that the accident alone raised a presumption of negligence on the part of appellee, and that the doctrine of *res ipsa loquitur* applied.

We find it unnecessary to unduly lengthen this opinion by a discussion of this proposition. Even if we were to assume that such doctrine is applicable in this cause, we could not say, as a matter of law, that the evidence is such that the prima facie case established thereby stands unrebutted. In our opinion the evidence and instructions given clearly presented to the jury for determination the questions as to the status of the decedent and appellee, the duty owed by appellee to decedent, the breach of said duty, and the degree of care owed by appellee to decedent.

In the present case the evidence is in conflict, and viewing the evidence most favorable to appellee, there is evidence to support the verdict of the jury.

Appellant had the burden in the trial court of proving her case by a preponderance of the evidence. We cannot say, from a careful examination of the record before us, that appellant was denied the relief to which she was entitled under the evidence. The verdict of the jury was, therefore, not contrary to law.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Prime, P. J., Carson and Wickens, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 49.