### CITY OF MUNCIE *v.* SPENCE.

[No. 4,961.   Filed October 4, 1904.]

NEGLIGENCE.—*Defective Streets.*—*Municipal Corporations.*—A complaint for personal injuries alleged that defendant city lowered the grade of an avenue at a street crossing, but left the sidewalk on one side at the original grade, making a steep incline across the street to the opposite sidewalk. A pathway was formed leading down the incline, and plaintiff while passing along same, slipped and fell, and was injured. *Held,* that the negligent failure of the city to keep its streets in a reasonably safe condition contributed to the injury and rendered the city liable. *pp. 596–601.*

INSTRUCTIONS.—*Ambiguity.*—*Negligence.*—*Municipal Corporations.*—An instruction in an action against a city for personal injuries caused by a defective street, "that if there were two or more roads equally open and available to the plaintiff for traveling to his destination, and one of said roads was more or less dangerous than the others, and the choice of said roads was in the discretion of the plaintiff, and the plaintiff knowingly and voluntarily chose and traveled the more dangerous of said roads, and because thereof was injured, as alleged in his complaint, the plaintiff would not be entitled to recover," was ambiguous, and properly refused. *pp. 601, 602.*

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Nathan N. Spence against the city of Muncie. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Frank Ellis* and *Rollin Warner,* for appellant.
*W. A. Thompson* and *W. H. Thompson,* for appellee.

ROBINSON, J.—Suit by appellee for personal injuries. The complaint avers that Sampson avenue in appellant city runs north and south, and crosses Seventh street at right angles; that some years ago the city improved Sampson avenue north and south of and across Seventh street,

and lowered the grade about five feet across Seventh street, except as to the sidewalk on the east side, which was left the same level and grade of Seventh street, making a steep incline of five feet across Seventh street, the grade being steeper than forty-five degrees, which condition appellant had negligently permitted to continue; that the business part of appellant city was north and east of this place, appellee living west on Seventh street, and many citizens living southwest near Seventh street; that the most convenient and direct route of appellee and many citizens from their residences to the business portion of the city was over Seventh street and across the avenue at this intersection; that by reason of such travel a pathway about three feet wide had been formed in Seventh street, leading from the grade of that street to the grade of the avenue; that on January 3, 1901, the surface of this pathway was dry, and there was nothing on the surface of the same to indicate that it was other than dry and safe, and that a person might safely pass over it, but below the dry dirt the ground was frozen, and there was a smooth and slick surface of frozen ground and ice; that appellee, going from his office in the business part of the city to his house, went over this pathway; that he had no knowledge of the icy condition beneath the surface; that while proceeding down the pathway, exercising care and caution, his feet, coming in contact with this smooth, icy surface beneath the dry surface, slipped down the incline and from under him, throwing him to the ground, and producing injury; that at and before that time there was no other path, walk, or means of going from the level of Seventh street, east of the avenue, down to the grade of the avenue, than that appellant used.

The pleading proceeds upon the theory that the proximate cause of appellee's injury was the negligence of appellant in permitting the steep incline to be and remain at the intersection of the two streets. It is quite true that

a city is not bound to make its streets level, and that in improving its streets it might be necessary to make a grade more or less steep in the street itself. But the place where appellee was injured was not in a public street on any grade lawfully established by the city. The particular place was not a part of any public thoroughfare established by any lawful exercise of municipal authority. The concealed icy surface was also a cause of the injury. It may have been the immediate cause, but it was not the proximate cause. It was appellant's duty to keep its streets in a reasonably safe condition for travel. Its failure to do so was negligence. This negligence contributed to the injury, and it can not be said to have been a remote cause of the injury, because whatever it did contribute it contributed at the time and place of the injury. See *Board, etc.,* v. *Mutchler,* 137 Ind. 140; *Knouff* v. *City of Logansport,* 26 Ind. App. 202, 84 Am. St. 292, and cases there cited; *City of Mt. Vernon* v. *Hoehn,* 22 Ind. App. 282.

Appellant requested the following instruction: "(7) If the jury find from the evidence that there were two or more roads equally open and available to the plaintiff for traveling to his destination, and that one of said roads was more or less dangerous than the others, and the choice of said roads was in the discretion of the plaintiff, and the plaintiff knowingly and voluntarily chose and traveled the more dangerous of said roads, and because thereof was injured, as alleged in his complaint, the plaintiff would not be entitled to recover in this action, and your verdict should be for the defendant." The mere fact that appellee undertook to pass over a road that was unsafe would not of itself prevent a recovery. If the language used in the instruction means that appellee chose a dangerous way with knowledge of the danger, still this would not necessarily · establish contributory negligence. In such a case knowl-· edge is an important matter in determining contributory fault, but is not necessarily conclusive. If the known dan-

ger is of such a character that a prudent man would not decline to encounter it, voluntarily encountering the danger is not necessarily conclusive against a recovery. Whether the complaining party used a degree of care commensurate with the known danger is a question of fact. Moreover, this instruction assumes that all, the roads open and available to appellee were dangerous. Nothing is said about any safe road, but if "one of said roads is more (or less) dangerous than the others," and appellee knowingly and voluntarily "chose and traveled the more dangerous of said roads," and because thereof was injured, he could not recover. The instruction does not say that if there were two or more roads and one of them is more or less dangerous, but says if there were two or more roads and one of them is more (or less) dangerous than the others. Even if it would be of itself negligence knowingly to pass over a dangerous road when there was an equally available safe one, it would not necessarily follow that it would be negligence knowingly to pass over a road more dangerous than another dangerous one equally available. The difference in the danger of two dangerous roads might be such that the choice of the more dangerous of the two would not be negligence. The object of the instruction was, no doubt, to tell the jury the consequences of selecting a dangerous road where there were one or more safe roads equally available, but the language used makes it susceptible of the construction we have given it. The words used in an instruction are to be taken in their plain and usual meaning. The instruction as written was calculated to leave the jury in doubt as to the law. See, *Nave* v. *Flack,* 90 Ind. 205, 46 Am. Rep. 205; *Town of Albion* v. *Hetrick,* 90 Ind. 545, 46 Am. Rep. 230; *Walker* v. *Decatur County,* 67 Iowa 307, 25 N. W. 256.

Judgment affirmed.