## CITY OF INDIANAPOLIS *v.* MULLALLY.

[No. 5,634. Filed May 29, 1906.]

1. PLEADING.—*Complaint.—Negligence.—Municipal Corporations. —Streets.—Defects.*—A complaint showing that defendant city knowingly permitted a dangerous hole to remain in a street shows negligence; and an allegation that it "negligently" left such hole open and unguarded is not an additional act of negligence. p. 127.

2. SAME. — *Complaint. — Municipal Corporations. — Defective Streets. — Notice.* — A complaint alleging that plaintiff was driving with due care along a street; that by reason of a dangerous hole's being "left open and unguarded of which he had no knowledge" he fell into same, sufficiently negatives notice of such defect on plaintiff's part. p. 128.

3. TRIAL.—*Instructions.—Assuming Facts.—Municipal Corporations.—Defective Streets.*—An instruction that plaintiff "had a right to assume," in the absence of notice, that the street over which he was traveling was safe and in good repair, is not bad as assuming that such street was in a dangerous condition. p. 128.

4.   TRIAL.—*Instructions.—Contributory Negligence.—Burden of Proof.*—An instruction in a personal injury case that the burden of proving contributory negligence is upon defendant and that plaintiff cannot recover if the preponderance of the evidence shows him guilty of contributory negligence is correct. p. 129.

5.   SAME.—*Instructions.—Assuming Facts.—Defective Streets.— Question for Jury.*—An instruction that if a hole in the street was full of water, the question whether an ordinarily prudent man would assume that it indicated danger and drive around it, was, with all other proved facts, a question for the jury, is correct.   p. 130.

6.   APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence.   p. 131.

7.   TRIAL. — *Interrogatories to Jury. — Conclusions.* — It is not error to refuse to submit to the jury an interrogatory as to whether the condition of the street, on which the injury occurred, was such as to warn persons of probable or possible danger, since facts and not conclusions should be asked for. p. 131.

8.   MUNICIPAL CORPORATIONS.—*Defective Streets.—Notice.—Care Required.—Question for Jury.*—Notice of a defect in a street does not preclude recovery for injuries caused thereby but casts upon plaintiff the duty to use care commensurate with the known danger, and whether he does use such care is a question for the jury.   p. 131.

9.   APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Appellant's failure to discuss an alleged error is a waiver thereof. p. 132.

10.   SAME.—*Judgment.—Death of Party.*—Where the death of a party is suggested, judgment will be rendered as of the date of submission.   p. 132.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Edward Mullally against the City of Indianapolis.   From a judgment on a verdict for plaintiff for $2,500, defendant appeals.   *Affirmed.*

*Henry Warrum, Edward B. Raub* and *Gideon W. Blain,* for appellant.

*Addison C. Harris, Francis J. Mattler* and *Frank C. Cutter,* for appellee.

ROBINSON, J.—Suit by appellee for damages for personal injuries caused by appellant's alleged negligence. Demurrer to complaint overruled. Answer, denial. Trial and verdict for appellee, with answers to interrogatories. Appellant's motions for judgment on the answers, and for a new trial, overruled. Judgment on the verdict.

The complaint avers that a certain street in appellant city, known as Virginia avenue, which was traveled and used by the citizens and public generally, "was negligently allowed to become out of repair, and remained so out of repair an unreasonable length of time, to wit, for about six weeks, and at a point between New Jersey and East streets, on the west side of said Virginia avenue, there was a dangerous hole therein, of which the defendant had notice and failed and neglected to repair the same for the space of about six weeks; that said hole or obstruction, running from near the gutter on the west side in an easterly direction across said avenue, was of the following dimensions, to wit, about six feet long, three feet wide, and six inches deep, on the west side, and was a dangerous obstruction in said street; that the plaintiff was in robust health and engaged in teaming, and was earning from $18 to $20 a week with his team; that on the evening of March 6, 1902, at about 5:45 o'clock, he was lawfully driving, with due care, his wagon on said street, and was sitting on the seat of said wagon; that, by reason of said hole's being so negligently left open and unguarded, of which he had no knowledge, accidentally and without fault on his part, said wagon was precipitated into said hole, and he was forcibly thrown onto said street from the wagon" and injured.

The theory of the pleading is that appellant negligently allowed one of its streets to become out of repair and remain so out of repair an unreasonable length of time, about six weeks, that there was a dangerous hole in the street, of which appellant knew and failed and neglected to repair, and into this hole appellee,

without fault, was thrown. It was negligence for the city to permit the street to become and remain out of repair, and this negligence was the proximate cause of the injury. The averment that the hole was negligently left open and unguarded is not an averment of an additional act of negligence. It added nothing to the negligent act of permitting a dangerous hole to be and remain in the street for the space of about six weeks.

It is argued that there is no averment that appellee did not see or know of the hole. It is averred that appellee "was lawfully driving, with due care, his wagon on said street, and was sitting on the seat of said wagon; that, by reason of said hole's being so negligently left open and unguarded, of which he had no knowledge, accidentally and without fault on his part, said wagon was precipitated into said hole." The pleading is not as definite in this respect as it should be, but as the theory of the pleading is not one of negligently guarding the hole, we think it fair to conclude that the words "of which he had no knowledge" mean that he had no knowledge of the existence of the hole. It is not the theory of the pleading that the city permitted the hole to remain in the street, and had undertaken to make the place safe by guarding the hole, and at the time in question had negligently left the hole unguarded.

The third instruction is not bad "for the reason it assumes that the street was [not] in a reasonably safe condition." The instruction assumes nothing about the condition of the street, but correctly says that appellee "had a right to assume, in the absence of notice or knowledge to the contrary, that the street on which he was traveling was in a reasonably safe condition at the time for use as a public street."

It is argued that instructions six and eight fail to inform the jury that evidence of contributory negligence would

City of Indianapolis *v.* Mullally—38 Ind. App. 125.

avail appellant though shown by appellee's own evidence. These instructions are as follows: "(6) If you find that the city negligently suffered the hole to be and remain in the street at the time of the accident, and that plaintiff had no actual knowledge of the existence before the happening of the accident, then he will be entitled to a verdict unless it has been proved by a fair preponderance of the evidence that he was negligent himself in not seeing the hole in time to avoid it. And the burden of proof is upon the city on this point to satisfy the jury that he was not exercising due care for his own safety, and that such conduct on his part contributed towards the happening of the accident." "(8) The defendant insists that the plaintiff himself was guilty of negligence in not avoiding the hole. The burden of proof is on the defendant to establish by a fair preponderance of all the evidence in the case that plaintiff was guilty of negligence contributing to his injury."

The burden of showing that appellee was guilty of contributory negligence rested upon appellant. And it is well settled that it is sufficient if proof of this fact is found in any evidence given by either party or in the evidence given by both parties. The jury were told by the sixth instruction that if the city negligently suffered the hole to remain in the street, and that appellee had no knowledge of its existence, he could recover, unless it was proved by a fair preponderance of the evidence that he was negligent in not seeing the hole in time to avoid it, and that the burden of proof was upon appellant (as to whether he was negligent in not seeing the hole in time to avoid it), to satisfy the jury that he was not exercising due care. The jury were clearly told that the fact to be proved was to be proved "by a fair preponderance of the evidence," which means by a fair preponderance of all the evidence in the case. And in the eighth instruction the jury were expressly told that the burden of proof was on appellant to establish by a fair pre-

ponderance of all the evidence in the case that appellee was guilty of negligence contributing to his injury.

In the ninth instruction the jury were told: "The mere fact that the plaintiff has received injuries does not raise any presumption that he is entitled to recover in this case by reason thereof. On the contrary, he must affirmatively prove that he received the injuries complained of and in the manner described in the complaint; and also that such injuries were received by him as a result of the negligence on the part of the defendant. If he shall establish these two facts he is entitled to recover unless the evidence in the case affirmatively establishes that he himself was guilty of negligence contributing to the accident alleged in which he received such injuries. He is not called upon to establish freedom from contributory negligence; on the contrary, the burden is upon the defendant to establish such contributory negligence, if it existed, but if the evidence offered by the plaintiff establishes negligence upon his part contributing to his injuries the defendant may take advantage thereof, and would not in such case be called upon to offer additional testimony upon that point."

It cannot be said that the sixth and eighth instructions are objectionable on the grounds claimed by appellant. And when construed with reference to each other and in connection with the ninth instruction they could not have misled the jury. See *Huntington Light, etc., Co.* v. *Beaver* (1905), 37 Ind. App. 4; *Flickner* v. *Lambert* (1905), 36 Ind. App. 524; *Atkinson* v. *Dailey* (1886), 107 Ind. 117; *Indianapolis St. R. Co.* v. *Haverstick* (1905), 35 Ind. App. 281.

The seventh instruction reads as follows: "If the hole in the street at the time of the accident was full of water, this fact may be considered by the jury in determining the question whether plaintiff was using due care. Whether a pool of water at the time and place would have induced a prudent man to assume that it

marked a deep and dangerous hole, and to run around it, is a question which the jury under the evidence may consider, with all the other facts, in arriving at a conclusion on the question of the plaintiff's case." This instruction is not objectionable on the ground that it assumes that the defect complained of was a dangerous hole. In determining the question of appellee's care the jury might consider the fact, if a fact, that the hole in the street was filled with water, and whether such a hole of water would have induced a prudent man to assume that it indicated danger, and induce him to run around it. The instruction may be somewhat ambiguous, but we cannot say that it would be construed by the jury in a way to prejudice appellant's rights.

It is further argued that the evidence shows that appellee was guilty of contributory negligence. The jury found the question of appellee's contributory negligence 6. in his favor, and after reading the evidence we cannot disturb the conclusion reached by the jury without weighing evidence, and this we cannot do.

There was no error in refusing to submit to the jury an interrogatory seeking an answer as to whether the condition of the street was such as to warn persons of 7. probable or possible danger. The interrogatory asks for a conclusion, and not a fact. The jury might properly have been asked to give the condition of the street itself. But if the interrogatory had been submitted, and had been answered in the affirmative, 8. it would not have made the answers irreconcilable with the general verdict, for the reason that a traveler is not necessarily guilty of negligence in attempting to pass over a public street which he knows to be dangerous. In such case he must use a degree of care commensurate with the known danger, and whether he has or has not is a question of fact. See *Board, etc., v. Brown* (1883), 89 Ind. 48; *Henry County Turnpike Co. v. Jackson* (1882), 86

Ind. 111, 44 Am. Rep. 274; *City of Richmond* v. *Mulholland* (1888), 116 Ind. 173; *City of Muncie* v. *Spence* (1904), 33 Ind. App. 599.

Other questions were reserved, but as they have not been argued, they are deemed waived.

The death of appellee since the submission of this cause having been suggested, the judgment is affirmed as of the date of submission.