## COCHRAN v. TOWN OF SHIRLEY.

[No. 6,660. Filed March 30, 1909.]

1. TRIAL.—*Interrogatories.*—*Conclusions.*—Conclusions in interrogatories to the jury, and the answers thereto, cannot be considered. p. 455.

2. NEGLIGENCE.—*Contributory.*—*Municipal Corporations.*—*Defective Streets.*—*Care.*—Knowledge, by a traveler, of a defective street does not constitute him guilty of contributory negligence in the use of such street, but he must use care commensurate with the known danger. p. 455.

3. NEGLIGENCE.—*Knowledge of Danger.*—*Volenti Non Fit Injuria.*—One who voluntarily casts himself upon a known danger is guilty of contributory negligence. p. 455.

4. EVIDENCE.—*Inferences.*—*Jury.*—*Courts.*—It is the duty of the jury and the trial judge to weigh the evidence, draw the proper inferences therefrom, and arrive at the justice of the case. p. 456.

5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not disturb a judgment where there is some evidence to support it. p. 456.

6. NEGLIGENCE.—*Contributory.*—*When Matter of Law.*—*Jury.*—Where the facts are undisputed, and different inferences cannot be drawn, the question of contributory negligence is for the court, but the right of the jury to draw inferences should not lightly be denied. p. 456.

7. NEGLIGENCE.—*Defective Streets.*—*Care.*—*Question for Jury.*—*Appeal.*—Whether a traveler used care commensurate with the

known danger of a defective street, is a question for the jury, and the verdict is conclusive on appeal.  p. 457.

8. NEGLIGENCE.— *Contributory.— Municipal Corporations.— Defective Streets.—Knowledge.*—Where the answers to the interrogatories to the jury show that a traveler knew of a defect in a street and carefully tried to avoid same, but was injured thereby, a general verdict in his favor is controlling, and he is entitled to judgment thereon.  p. 457.

From Hancock Circuit Court; *William A. Hough,* Special Judge.

Action by Clifford I. Cochran against the Town of Shirley. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Cook & Cook, Frank Hedrick, Walker & Van Duyn* and *M. E. Forkner,* for appellant.

*U. S. Jackson* and *Earl Sample,* for appellee.

ROBY, J.—Action by appellant against appellee to recover damages for personal injuries alleged to have been sustained by reason of a defective street. Issue formed by a general denial, trial by jury, and verdict returned in appellant's favor for $100, with answers to interrogatories. Appellee moved for judgment on the answers to interrogatories notwithstanding the general verdict. The motion was sustained and the judgment so rendered, which action is relied upon as error.

The material facts found by the answers to interrogatories are as follows: Appellant, a laborer, was injured about 5:30 o'clock p. m., March 16, 1906, while going home, by slipping into a manhole in a sewer in South street, in Shirley. The sewer was built diagonally across the street, which had been under construction since October, 1905. Appellant passed along this street twice a day, and had actual knowledge that it was unfinished, and that a manhole led into the sewer. There was a roadway about fifteen feet wide in the center of the street, crossing the sewer, and used by pedestrians and vehicles. Appellant knew of this roadway, and knew that he could conveniently walk across it in safety.

He was actually trying to avoid anticipated danger by reason of the existing manhole. He saw and knew where the sewer crossed the street, and where the roadway passed over the sewer. He had good eyesight and all of his faculties. The ground was covered with snow. The twenty-fifth interrogatory and the answer are as follows: "What effort, if any, did the plaintiff make to ascertain the location of the manhole leading into the sewer on the south side of South street before he slipped into it. A. By walking slowly and cautiously." The thirtieth and thirty-first interrogatories state conclusions, and add nothing to the general verdict, which carries with it the finding of due care.

"Knowledge that a public street is so defective as to be dangerous does not make it contributory negligence for a traveler to use it, but he is required to use a degree of care commensurate with the known danger. *City of Indianapolis* v. *Mullally* [1906], 38 Ind. App. 125; *City of Valparaiso* v. *Schwerdt* [1907], 40 Ind. App. 608; *City of Bluffton* v. *McAfee* [1899], 23 Ind. App. 112." *Citizens St. R. Co.* v. *Sutton* (1897), 148 Ind. 169; *Nave* v. *Flack* (1883), 90 Ind. 205, 212, 46 Am. Rep. 205; *Town of New Castle* v. *Mullen* (1909), *ante*, 280. The facts specially found show that the defect complained of was known to appellant. Appellee contends that the findings on this subject bring the case within the elementary principle that one who voluntarily casts himself upon a known obstruction cannot recover damages for injuries thus sustained. This principle has frequently been enforced by our decisions. *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 2 Am. St. 164; *Sale* v. *Aurora, etc., Turnpike Co.* (1897), 147 Ind. 324; *Rogers* v. *City of Bloomington* (1899), 22 Ind. App. 601, and cases cited. It is, however, settled that knowledge of a defect in a street cannot always be considered as sufficient in itself to establish contributory negligence. *City of Richmond* v. *Mulholland* (1888), 116 Ind.

173; *Citizens St. R. Co.* v. *Sutton, supra; Sale* v. *Aurora, etc., Turnpike Co., supra; City of Indianapolis* v. *Mullally, supra; Town of Gosport* v. *Evans, supra.* The difficulty is not in the statement, but in the application of these principles to the varying facts of the different occurrences which are reviewed in this court. The jury and the trial judge in passing upon the evidence and motion for a new trial are empowered, and it is their peculiar function, to weigh evidence, draw inferences from facts found, and apply to the conclusions at which they arrive the standard of conduct which would have been pursued by a reasonable and prudent person. In this task much is left to discretion and judgment. Different jurors and different judges must be expected to view similar occurrences differently, and so much disparity in the administration of justice as thus comes is no more than the expression of the infirmities necessarily incident to the transaction of human affairs. A court of appeals does not properly assume the attitude which alone becomes the trial judge and the jury. If it did this, the main purpose in the creation of such tribunals would be thwarted. There would be as much diversity between different judges and different courts on appeal as there is between different juries and trial judges, with the result that no lawyer could tell the law of a particular case until the impression of the last judge as to its facts had been obtained; and in the different results announced upon the facts of a similar character there would speedily be found such a variety of precedents as to create uncertainty in that which the interests of the state and its citizens require to be certain. To this end, the inquiry made in this court is not for whom the verdict ought the better to have been found, but whether the verdict that was returned has support in the evidence adduced upon the trial. Where the facts are established without conflict, the question of contributory negligence in such cases is one of law, but the power to deny the right of the jury

to draw diverse inferences is one which needs to be exercised with caution, otherwise uncertainty of precedent, the avoidance of which is a prime purpose of the law, is brought about. Whatever uncertainty may be found in the decisions upon this subject is, when analyzed, found to be due to the view of the facts taken on appeal, and not to any disagreement as to the doctrine. The disposition of appellate courts is to be governed by the verdict in determining

7. whether care commensurate with the known danger was used. *City of Indianapolis* v. *Mullally, supra; City of Valparaiso* v. *Schwerdt, supra; City of Bluffton* v. *McAfee, supra; Town of New Castle* v. *Mullen, supra.*

The answers to the interrogatories show knowledge of the defect. They also show an attempt to avoid it. When the presumptions which go with the general verdict are

8. considered, it becomes apparent that the facts exhibited were not sufficient to entitle the appellee to a judgment notwithstanding the general verdict.

The judgment is therefore reversed, and the cause remanded, with instructions to render judgment on the general verdict.