KELLEY v. DICKERSON.

[No. 26,984. Filed March 14, 1938. Rehearing denied April 5, 1938.]

*Harker & Irwin,* and *Kemp, Kemp & Bolton,* for appellant.

*Thomas M. Ryan,* and *Cleon W. Mount,* for appellee.

TREMAIN, J.—This is an action by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained on account of the appellant's negligent operation of an automobile. It is alleged in the complaint, consisting of two paragraphs, that about 7:30 o'clock on the morning of April 17, 1934, the appellee and another person were traveling

north in a Ford automobile on State Highway No. 39, and were approaching a grade crossing of the Monon Railroad; that the railroad extended from the southeast to the northwest; that a highway known as the Kelley Gravel Road, east of road No. 39, paralleled the railroad track and terminated at its intersection with road No. 39, approximately 60 feet north of the railroad crossing; that at a distance of 250 feet east of road No. 39, the Kelley Road extended directly east. State Road No. 39 is a preferential road and the Kelley Road is not. Appellant approached the state road in a Dodge automobile and drove onto the traveled portion of road No. 39 without stopping his car, and without any warning negligently and carelessly attempted to turn to the left, or south, on the state road. The appellee did not know that the appellant was intending to turn to the south until he had driven onto the roadway, but believed appellant intended to stop before entering upon the traveled portion of road No. 39. Appellant, in disregard of the rights of the appellee and without looking for the approach of vehicles on the state highway, drove into and against the automobile in which appellee was riding and turned it over, by reason of which the appellee was thrown from the car and seriously and permanently injured.

An answer in general denial was filed to this complaint. The cause was tried by a jury which returned a general verdict for the appellee in the sum of $3,500, together with answers to special interrogatories. Appellant's motion for a new trial was overruled. This ruling is assigned as error.

The first proposition discussed by appellant is based upon the alleged error that the verdict is not sustained by sufficient evidence and is contrary to law. Under this assignment the appellant asserts that the evidence affirmatively shows that appellee and his driver were

engaged in a common enterprise, and were guilty of contributory negligence. Several propositions on this subject are discussed in the able briefs of both parties. The appellant insists that the driver of the automobile in which appellee was riding was guilty of contributory negligence, which was imputed to appellee because they were engaged in a joint enterprise.

Generally speaking, joint enterprise depends upon the facts in each particular case. The facts established by the evidence are: The appellee and his driver were driving north on a preferential road in the daytime. This road was intersected by the Monon Railroad. The Kelley Road, non-preferential, entered the state highway from the east, but at the point of entrance extended in a northwest direction. The appellant did not see the Ford automobile approaching until it was within 15 feet of the railroad crossing, when he was making a left turn onto the traveled portion of road No. 39. Appellant stated that, as he was driving onto road No. 39, he was "watching mighty close" for trains each way; that he was casting his glance back and forth watching the railroad track, and did not see the Ford car until just as it was coming upon the railroad crossing, at which time he was just beginning to swing south. The front wheels of appellant's car were about 10 or 15 feet north of the railroad tracks, and about 6 feet from the west edge of the pavement, and his car was headed toward the southwest. The evidence shows the width of the traveled portion of road No. 39 to be 22 feet. The center of the Kelley Road is 60 feet north of the raidroad tracks. According to appellant's version, he must have been near the center of the traveled portion of road No. 39. The appellee testified that appellant drove onto road No. 39 without giving any warning whatever, and that there was not sufficient room for the Ford car, in which appellee was riding, to pass be-

tween the appellant's car and the east side of the road-
way. The evidence further shows that the front bumper
was the only part injured on appellant's car. The car
in which appellee was riding was turned over and con-
siderably damaged, having been struck on the right-
hand side.

In view of this testimony, the general verdict of the
jury, and the answers to special interrogatories, this
court cannot say on appeal that there was no
evidence to support the verdict of the jury. Nor
has the appellant shown evidence of contributory
negligence upon the part of either appellee or the
driver. Therefore the question of joint enterprise can-
not be controlling. For an exhaustive study of the ques-
tion see: 48 A. L. R. 1077, 63 A. L. R. 921, 80 A. L. R.
312, and 95 A. L. R. 857.

In connection with a discussion of this proposition,
the appellant claims that the verdict of the jury is ex-
cessive. The physicians in charge of appellee testified
that ribs were broken, and still sensitive to pressure (at
the time of trial, which was 14 months after the in-
jury was sustained), the lung punctured, four teeth
broken off and had to be extracted, injuries were ex-
tremely painful and opiates administered, a number of
enlargements of the ribs still exist, his posture is more
stooped than before the injury, he is somewhat under-
weight, injuries affect his ability to do heavy work, and
medical expenses were between $75 and $100, and dental
expense $150. The appellee was 41 years of age, and
had been employed by one concern continuously for ap-
proximately 15 years.

The general principle is well established that this
court will not reverse the judgment of the trial court
in refusing to grant a new trial on the ground of
excessive damages, unless, at first blush, the
damages assessed appear to be outrageous and

excessive, and it is apparent that some improper element was taken into account by the jury in determining the amount. There is nothing in this case to justify interference by this court. The position of the appellant upon this question, as well as the first question discussed herein, is such as to ask this court to perform a task which it was the duty of the trial court to discharge in passing upon the motion for a new trial. Although there is conflict in the evidence, it is so well settled that a court of appeals cannot determine the preponderance of the evidence, for reasons which have been often stated. This court cannot be both a court of review and a trial court. The evidence in this case is not of such character as to enable the court to say that there was error of law in overruling appellant's motion for a new trial on account of insufficient evidence.

The appellant assigns error of the court in giving appellee's tendered instructions Nos. 2, 3, 8, 12, 17, and 18. The objection of appellant may be stated best by using his own language as follows:

"In this case appellant contended that appellee was engaged in a joint enterprise with his driver. There was ample evidence of negligence of the driver. In Plaintiff's Instructions 2, 3, 8, 12, 17 and 18, the court *eliminated this defense* by advising the jury that only the negligence of *appellee* could bar recovery.

"Joint enterprise *is not agency*, and is governed by the rules of partnership, and a partner is liable for the acts of another partner, not because such act is his own, *but because he is liable for the act of another.*"

The instructions objected to properly submit the charge of negligence to the jury, and tell the jury that the burden is upon the plaintiff to prove, by a fair preponderance of the evidence, facts necessary to establish the cause of action. In making this statement to

the jury, the court, in each of the instructions, told the jury the circumstances under which the plaintiff was entitled to recover, unless the preponderance of the evidence showed the plaintiff to be guilty of negligence contributing to his injury as the proximate cause thereof.

The appellant's objection to these instructions present the question that the court limited contributory negligence to the plaintiff only. Each of the instructions do not purport to state all of the law upon the subject discussed. The instructions do not tell the jury that "only" the negligence of the appellee could bar the recovery. In another instruction, No. 22, tendered by appellant and read by the court to the jury, the court explicitly stated that, if it is found from the evidence that, at the time of the collision in question, the plaintiff was riding in an automobile driven by Golden Miller, and that said Miller was driving said automobile as the agent of the plaintiff, then the negligence of Miller would be imputed to the plaintiff, and the plaintiff would be chargeable therewith; that if Miller was negligent in the operation of the automobile, and such negligence proximately contributed to cause the collision, then in that event the plaintiff could not recover.

The court read to the jury appellant's tendered instruction No. 23, in which the jury was told that neither an invited guest nor an occupant engaged in a joint or common enterprise with the driver of an automobile, in which he was riding when the automobile was approaching an intersecting highway, had the right to rely exclusively upon the driver to exercise the care necessary to avoid injury, but the occupant himself must exercise reasonable care and prudence as the circumstances require; that while it was the duty of the driver in approaching an intersecting highway to use reasonable care in looking for automobiles and in con-

trolling the speed of his own automobile, it was also the duty of the plaintiff, as an occupant, to exercise reasonable care in regard to the same matters of conduct; and the fact that the driver of the automobile in which plaintiff was riding was negligent would not prevent its further finding that plaintiff was also negligent.

Appellant's tendered instruction No. 20, given to the jury, told it that it was the duty of the occupant, as well as the driver, and each of them, to exercise reasonable care to avoid a collision with defendant's automobile, and if either the driver or the occupant (appellee) failed to exercise ordinary care to avoid a collision, then such person failing to exercise ordinary care was guilty of negligence.

Also, the court gave to the jury the appellant's tendered instruction No. 24 upon the subject of invited guest, in which the jury was told that, if the appellee was guilty of negligence which proximately contributed to his injury, he could not recover.

Instruction No. 25, tendered by appellant and read to the jury, stated that, if Miller was driving the car in which appellee was riding at a negligent rate of speed, so as to endanger appellee's life, and appellee knew that such speed was dangerous in time to warn the driver to decrease the speed, and he failed to so warn the driver, and that such negligence proximately contributed to the collision, then the plaintiff cannot recover.

Appellant's tendered instruction No. 26, read to the jury by the court, is as follows:

"The mere fact the plaintiff was not the driver of the automobile in question does not constitute him an invited guest. As an occupant of the automobile other than the driver, he may have been either an invited guest, or engaged in a joint enterprise with the driver, and whether he was an invited guest or engaged in a joint enterprise is a

question of fact for you to determine from the evidence. If you find from the evidence that he was engaged in a joint enterprise with the driver in the operation of the automobile in which plaintiff was riding, then I instruct you that he is chargeable with any negligence of the driver."

At the same time appellant requested, and the court submitted to the jury, certain interrogatories which were answered. Interrogatory No. 12 is as follows:

"Were plaintiff and Golden Miller, driver of the automobile in which plaintiff was riding, engaged in a joint enterprise on the trip during which the collision occurred?

"Answer: No."

The record discloses that the interrogatory was correctly answered by the jury.

The appellant is in no position to complain that the plaintiff's instructions Nos. 2, 3, 8, 12, 17, and 18 did not make reference to the driver of the automobile, but referred only to the contributory negligence of appellee. The question of the driver's negligence being attributable to the appellee was covered by instructions tendered by appellant; and whether or not appellant was entitled to have that question submitted to the jury, it was submitted, and the finding of the jury was adverse to appellant. It appears that the appellant's rights were sufficiently guarded by his counsel, and that the court did not err in giving the instructions to which objection is made.

The appellant says that the court committed error in reading to the jury appellee's instruction No. 11, as follows:

"A person in full possession of his faculties is presumed to use reasonable care and to exercise his faculties for his protection and safety, and in determining whether or not a man is guilty of negligence, it may be presumed that he saw that which a reasonably prudent man, in the exercise of ordinary care, would have seen."

The appellant contends that the court erred in giving this instruction to the jury, for the reasons that a person is not presumed to see that which a reasonably prudent man would have seen in the exercise of ordinary care, and that he is not presumed to use his faculties for his own protection and safety; that the court invaded the province of the jury by instructing upon this presumption.

The instruction is general and applies with equal force to all parties. The defendant is not singled out as the one person required to use his faculties. The situation here discloses that the parties approached the intersection of the highways in full view of each other; that appellant stopped at least 50 feet east of the intersection and moved slowly from that point to the place of the collision; that appellee saw appellant at all times; that appellant did not see appellee approaching upon the state road, but was intently looking for trains on the railroad track, which was between the parties. There is no dispute about the facts. Unaided by any presumption either of law or fact, the evidence before the jury was sufficient to establish the appellee's case.

It is not doubted that the instruction is erroneous. The law of this state does not permit the indulgence in the presumption that a person will exercise his faculties for his own protection and safety, nor may it be presumed that he was or was not guilty of contributory negligence, nor that he failed to exercise ordinary care. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 705, 88 N. E. 612.

In that case the court held that, notwithstanding the erroneous instruction to the effect that the decedent was presumed to have used due care to avoid injury, the error was harmless, since the appellant must lose because it failed to sustain its affirmative defense of contributory negligence. The court said:

"Our holding is that this instruction, though technically incorrect, was harmless in this case, owing to the absence of evidence upon the subject in question."

Also, see *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 525, 79 N. E. 499.

Under these and other authorities, it must be held that instruction No. 11 is erroneous, and that the presumption therein indulged is not a correct statement of law in this state. However, the facts bring the case clearly within the rule announced in *Evansville, etc., R. Co.* v. *Berndt, supra.* The burden was upon the appellant to show contributory negligence upon the part of the appellee or his driver. No such negligence was shown. The appellee was entitled to a verdict and judgment, without the aid of any presumption contained in the instruction in question. Although the instruction is erroneous, it is the opinion of the court that it is harmless under the facts and circumstances disclosed in this action.

The appellant objects to plaintiff's instruction No. 21, given to the jury, as follows:

"If you find from the evidence that at the time the plaintiff was approaching the intersection in question, the driver of the car in which he was riding saw the automobile driven by the defendant approaching said crossing, at about the same time or before plaintiff observed the same, and if you further find that plaintiff knew that such driver saw said defendant approaching, then and in that case, if you so find, it would not be negligent for plaintiff to fail to warn such driver of the approach of defendant's car to said crossing."

Appellant's objection goes chiefly to the proposition that there is no evidence upon that subject, and, therefore, the instruction should not have been given. The facts concerning the approach of the intersection by both parties have been stated heretofore. These facts

do not disclose circumstances where it was necessary for appellee to caution the driver of the car. No reversible error is found in giving this instruction.

The court refused to give appellant's tendered instruction No. 18 upon the subject of adequate brakes as required by the statute, which told the jury that, if it found, at the time of the collision, the automobile in which appellee was riding was not provided with brakes as required by the statute, and that the driver knew that fact, then such driver was guilty of negligence; or if the plaintiff knowing that fact, continued to ride in the automobile, such act would constitute negligence upon his part. The instruction was refused by the court upon the ground that there is no evidence in the record concerning the inadequacy of the brakes. A careful reading fails to disclose any evidence pertaining to the subject in any manner. Therefore, the instruction was not applicable to the evidence, and was properly refused.

On the evening of the first day of the trial a Tipton newspaper published an article concerning this case, then on trial in that city, and stated that the appellant was insured, and that the insurance company would pay any judgment recovered. When the court convened the next morning, appellant brought this information to the attention of the court and asked the court to set aside the submission of the cause, for the reason that the paper was generally read in that community, and that the article had been read by members of the jury. Upon receiving this information, the court called the jury to the courtroom and examined each juror separately concerning the article published. One juror stated that he had read the entire article; that it had no influence whatever on him, and he would be governed by the evidence and the instructions of the court, as given in the trial. Three other

jurors stated that they had read the headlines and a small part of the beginning of the article, but would not be influenced thereby. None of the other eight jurors had seen the article. The court overruled appellant's motion and the trial was continued throughout that day. On that evening the same newspaper published another article concerning the insurance. The appellant, on the third morning, renewed his motion to set aside the submission of the cause to the jury because of misconduct of jurors in reading the article. There is no showing that the jurors read the second article. The court overruled the motion and resumed the trial of the cause.

The same question is presented by appellant in his motion for a new trial. He asserts that the injection, into the trial of automobile collision cases, of information that defendant is insured, is cause to set aside the submission, and the overruling of a timely motion is error. He cites and relies upon *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *Taggart* v. *Keebler* (1926), 198 Ind. 633, 154 N. E. 485.

The *Martin* v. *Lilly* case is based upon misconduct of counsel, and the other case is based upon alleged misconduct of a juror. There are cases in which the misconduct of a juror is ground for setting aside the submission. It is readily understood that a juror may be influenced by a newspaper article, or that he may read an article or the headlines innocently, and not be prejudiced thereby. The court examined each juror upon this subject, and from its observations of the jurors, their manner of testifying, and from their appearance, determined that the appellant was not prejudiced.

After both motions to set aside the submission of the cause had been overruled, and the trial of the cause resumed, the appellant, testifying in his own behalf and in answer to a question propounded to him by his counsel, stated that he was carrying insurance and that he

thought "the insurance company would give them a square deal." This testimony was voluntarily introduced by appellant, although his counsel stated in oral argument that he introduced this testimony because of the position in which he had been placed by the newspaper articles, and the court's overruling his motions to set aside the submission of the cause. Notwithstanding the fact that the reason given by counsel was his best judgment as to the proper conduct of the trial under the situation then present, nevertheless, the appellant voluntarily stated to the jury that he was carrying insurance.

In addition, the court gave appellant's instruction No. 31, which stated to the jury that it had no right to consider, in arriving at a verdict, whether either or both parties to the action were insured. The jury was told that it was their duty to determine the rights and liability of the parties as individuals, without any consideration whatsoever as to whether either one of them carried insurance. Under this situation the court, on appeal, cannot say that reversible error was committed. It appears that the trial court duly performed its duties and gave to each party a fair trial.

When the appellant was being examined by his attorney as a witness in his own behalf, he was asked to state what Miller, the driver of the car in which appellee was riding, said 15 minutes after the accident, and after appellee had been removed from the scene of the collision. The appellant answered that Miller stated that "he was driving wide open." On motion the answer was stricken out. Appellant's contention is that this statement was admissible under the doctrine of *res gestae*. It is clear from the answer given by the appellant, that Miller was narrating the facts after the accident. His statement was not an exclamation made at the time, or in any manner connected with the

accident. The doctrine of *res gestae* is based upon spontaneous statements made at the time of the accident, usually by one of the parties to the transaction, and never includes a statement or a narration of past events.

Also, the courts have always recognized that, in the admission of evidence of this character, the question is peculiarly one within the discretion of the trial court. In *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962, a conductor and a brakeman were riding in a caboose at the time another employee was injured. At that time the two discussed the question of the switch's being open. Their testimony was offered as a part of the *res gestae*. The court held that, under the circumstances there presented, when objection was made, the question was for the determination of the trial court. Authorities are cited to support the proposition. There are instances when the ruling of the trial court will be subject to review in a court of appeal, but the circumstances here presented do not furnish ground for this court to say that the trial court abused its discretion.

Appellant predicates other errors upon the ruling of the trial court in excluding additional evidence, concerning statements made by Miller in the absence of appellee, that after the collision, the car "turned over three times." The court held these statements were not admissible as a part of the *res gestae*. Proof of such declarations would be violative of the rule against the admissibility of hearsay evidence.

Having reviewed each of the errors relied upon by appellant, the court is unable to discover any proposition which would warrant a reversal of this cause.

Judgment is affirmed.