BALTIMORE & OHIO R. CO. *v.* REYHER, ADMX., ET AL.

[No. 27,306. Filed December 18, 1939. Rehearing denied February 28, 1940.]

*Bomberger, Peters & Morthland,* of Hammond (*Henry D. Sheean* and *Alfred H. Highland,* of counsel), for appellant.

*Hodges, Ridgely & Davis,* of Gary, for appellees.

SHAKE, C. J.—This is an appeal from a judgment against the Baltimore & Ohio Railroad Company for the death of Christopher M. Reyher, resulting from a collision of an automobile driven by the decedent with appellant's train at a railroad crossing in the city of Gary.

The amended complaint named the railroad company, the appellee Paul Kleeman, and one John J. O'Connor, they being the locomotive fireman and engineer, respectively, as defendants. The cause was dismissed as to O'Connor before judgment. Said complaint was in three paragraphs. The first paragraph contained charges of negligence, based upon the excessive speed of the train and failure to give the statutory signals; the second paragraph was upon the theory of the last clear chance; and the third charged a willful injury. The issues were closed by replies in general denial. There was a jury trial, which resulted in a verdict against the railroad company and in favor of the appel-

lee Kleeman. The appeal is from the overruling of the railroad company's motion for a new trial.

The first proposition presented by the appellant, and the one most strenuously urged in its brief, is that this court should hold that under the evidence the appellee Reyher's decedent was guilty of contributory negligence as a matter of law. We are called upon to interpret and apply a so-called rule of presumption, which may be stated as follows: That if a person, by the exercise of ordinary care, could have known of the approach of a train, by looking or listening, in time to have avoided the injury, it will be presumed, if he is killed, that he did not look or listen, or, that if he did, he did not heed what he saw or heard. Appellant contends that when this presumption is applied to the undisputed evidence, it must be concluded, as a matter of law, that the decedent was guilty of contributory negligence.

The subject of presumptions has long been one of much confusion to the courts. Attempts have been made to divide them into two classes, i. e., presumptions of law and presumptions of fact. We are not here concerned with the so-called presumptions of law, and Professor Wigmore, in his exhaustive Treatise on Evidence, § 2491, has pointed out:

> "The distinction between presumptions 'of law' and presumptions 'of fact' is in truth the difference between things that are in reality presumptions and things that are not presumptions at all. . . . There is in truth but one kind of presumption; and the term 'presumption of fact' should be discarded as useless and confusing."

Considering the subject here under consideration, this court said in *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 634, 13 N. E. 535:

"The law of this state does not permit the indulgence in the presumption that a person will exercise his faculties. for his own protection and safety, nor may it be presumed that he was or was not guilty of contributory negligence, nor that he failed to exercise ordinary care."

Consequently, when courts have undertaken to instruct juries that this or that may be presumed, without evidence of the fact, they have invariably committed error.

The term "presumption of fact" has been loosely used in determining who has the opening. and close and upon whom the burden rests in the trial of a lawsuit. Thus, in an action for damages for wrongful injuries or death, due to alleged negligence, when the statute relieves the plaintiff of the burden of pleading and proving freedom from contributory negligence, § 2-1025, Burns' 1933, § 129, Baldwin's 1934, it is not correct to say that the plaintiff is presumed not to have been negligent, but rather that the matter is not in issue and that the court is not concerned with it, unless it affirmatively appears that the plaintiff was guilty of such contributory negligence. It has also been imprudently asserted that presumptions may be drawn from the facts by the trial court when it passes upon a motion for a directed verdict or a demurrer to the evidence, and by the appellate tribunal when it is called upon to determine whether the verdict or decision is supported by the evidence or is contrary to law. It is likewise incorrect to say that the courts may presume any fact under such circumstances. As in the illustration used above, there is no presumption whatever that either party was or was not guilty of negligence. The court is merely called upon to determine if there is some evidence of negligence on the part of the defendant which

the jury is entitled to consider in deciding that issue, or if the undisputed evidence discloses that the plaintiff was guilty of negligence that proximately contributed to his injury or death. While some facts may be made presumptive evidence by operation of law, neither courts nor juries have any right to presume any fact in issue which they are called upon to determine. The ultimate facts may, of course, be established by direct or circumstantial evidence, as well as by such inferences as may be legitimately drawn therefrom.

There is evidence that in the late afternoon of February 12, 1936, the decedent, who was a physician 54 years of age, in good health, and possessed of his faculties, was driving north on Clark Street, in the city of Gary; that said street is crossed by three railroads, the Elgin, Joliet & Eastern, with one track; the Baltimore & Ohio, with two tracks; and the New York Central, with four tracks. The B. & O. tracks are approximately 189 feet north of the E., J. & E. and cross the highway from southeast to northwest at an angle of approximately 60 degrees; the N. Y. C. crossing is 100 feet north and parallel with the B. & O. The day on which the accident occurred was cold and the ground was covered with some four inches of snow. The decedent crossed the E., J. & E. tracks and proceeded toward the B. & O. crossing, at a time when a freight train occupied the N. Y. C. crossing. One Herman Tincher, who was the only eyewitness to the accident, was driving south on Clark Street, approaching the N. Y. C. crossing at the same time. Tincher stopped his car until the N. Y. C. crossing was cleared and, by looking under the cars of the N. Y. C. train, he observed the decedent approaching the B. & O. crossing; when he saw the decedent he, the decedent, was 10 or 15 feet from the B. & O. crossing and driving

his automobile at a speed of five or six miles an hour. Tincher said that he did not see the decedent turn his head in either direction; that he observed a B. & O. train approaching from the southeast at a high rate of speed and that it was "kicking up" snow; that the locomotive struck the decedent's car when it was a little more than halfway across the track; and that when the witness reached the scene the decedent was dead. The surrounding territory is level and the B. & O. tracks are practically straight for more than a mile in the direction from which the train came. There was evidence that the decedent could have observed the train at all times after he crossed the E., J. & E. track and that at the rate he was driving he could have stopped his automobile almost instantly. There was also evidence as to the size of the locomotive and the character of the train and that other persons in the vicinity observed its approach. There was a dispute as to whether statutory signals were sounded, but it was conclusively established that the train was running at a speed of 63 miles per hour, in violation of a city ordinance which restricted such speed to 15 miles.

Contributory negligence is ordinarily a question of fact for the jury. It is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men, that the question becomes one of law for the court. When the facts are of such nature and character as to be reasonably subject to more than one inference, the jury should be permitted to decide whether the party whose conduct is under inquiry was guilty of contributory negligence. We approve and commend the observations of Roby, J., in *Cochran* v. *Town of Shirley* (1909), 43 Ind. App. 453, 456, 457, 87 N. E. 993, where it was said:

"The difficulty is not in the statement, but in the application of these principles to the varying facts of the different occurrences which are reviewed in this court. The jury and the trial judge in passing upon the evidence and motion for a new trial are empowered, and it is their peculiar function, to weigh evidence, draw inferences from facts found, and apply to the conclusions at which they arrive the standard of conduct which would have been pursued by a reasonable and prudent person. In this task much is left to discretion and judgment. Different jurors and different judges must be expected to view similar occurrences differently, and so much disparity in the administration of justice as thus comes is no more than the expression of the infirmities necessarily incident to the transaction of human affairs. A court of appeals does not properly assume the attitude which alone becomes the trial judge and the jury. If it did this, the main purpose in the creation of such tribunals would be thwarted. There would be as much diversity between different judges and different courts on appeal as there is between different juries and trial judges, with the result that no lawyer could tell the law of a particular case until the impression of the last judge as to its facts had been obtained; and in the different results announced upon the facts of a similar character there would speedily be found such a variety of precedents as to create uncertainty in that which the interests of the state and its citizens require to be certain. To this end, the inquiry made in this court is not for whom the verdict ought the better to have been found, but whether the verdict that was returned has support in the evidence adduced upon the trial. Where the facts are established without conflict, the question of contributory negligence in such cases is one of law, but the power to deny the right of the jury to draw diverse inferences is one which needs to be exercised with caution, otherwise uncertainty of precedent, the avoidance of which is a prime purpose of the law, is brought about. Whatever uncertainty may be found in the decisions upon this subject is, when analyzed, found to be due to the view of the facts taken on appeal,

and not to any disagreement as to the doctrine. The disposition of appellate courts is to be governed by the verdict in determining whether care commensurate with the known danger was used."

The operation of the train at the speed it was driven was negligence *per se* on the part of the railroad company, and while that would not relieve the decedent of the obligation to exercise due care, it was a circumstance which the jury was entitled to consider on the question of whether he was guilty of contributory negligence. The tracks which decedent was undertaking to cross, six in number within a space of a little more than 100 feet, placed a heavier burden upon him than if he were attempting to cross a single track, but that situation likewise could have been taken into account by the jury upon the issue of contributory negligence, since the exercise of due care did not impose upon decedent the duty to look for approaching trains when he was at any precise place or distance from the tracks, so long as he did look when and where such observations were reasonably calculated to be effective; nor was he required to look to one side first in preference to the other. The fact that the approaching train was "kicking up" snow was a circumstance which the jury might reasonably have concluded had the effect of concealing the approaching train, as well as to have made it more apparent. The testimony of the eyewitness that he did not see the decedent turn his head in either direction as he approached the train, was negative in character and of less probative value than positive testimony that he did not turn his head. The further fact that the observations made by this witness were under a moving train, and that his view was thereby obstructed to some degree, could have been considered by the jury in determining the weight to be given to his testimony. That the decedent was

driving only five or six miles per hour in a place of established danger might support an inference that he appreciated the situation and was exercising care for his own safety, as well as to indicate the space within which he could have stopped his automobile. We therefore feel bound to conclude that the issue as to whether the decedent was guilty of contributory negligence was one of fact for the jury. We will not disturb the jury's finding in that regard.

What we have said disposes of appellant's propositions to the effect that the trial court ought to have directed a verdict in its favor; that the verdict is not sustained by sufficient evidence; that the decedent was guilty of contributory negligence as a matter of law; and that the court erred with respect to instructions, so far as the issues joined on the first paragraph of the amended complaint are concerned. The evidence is insufficient to sustain a finding for the administratrix on the theory of the last clear chance or for a willful injury, and if the verdict stood upon those paragraphs of complaint alone, we would be required to reverse the judgment. It is not necessary to consider the cross-errors of the appellee administratrix.

The judgment is affirmed.

NOTE.—Reported in 24 N. E. (2d) 284.