GARY RAILWAYS, INC. *v.* WILLIAMS

[No. 17,908. Filed January 13, 1950.]

22

*Reversed.* By the court in banc.

Draper, C. J., not participating.

*Draper & Eichhorn,* of Gary; and *Hanley & Hanley,* of Rensselaer, for appellant.

*Murray & Schell,* of Gary, for appellee.

ROYSE, J.—Appellee brought this action against appellant and one George W. Jones for damages for personal injuries sustained when the street car of appellant in which she was riding as a passenger was in collision with the automobile of said Jones at the intersection of Broadway and 19th Avenue in the City of Gary. Trial to a jury resulted in verdict for appellee. Judgment accordingly. The trial court directed a verdict in favor of Jones.

In view of the conclusion we have reached it is necessary that we consider only Specification 10b of appellant's motion for a new trial. That specification asserts the trial court erred in giving, over appellant's

objection, appellee's instruction No. 5. This instruction is as follows:

"The jury is instructed that if you find from the evidence that the plaintiff, Clara Williams, was a paid passenger of the defendant Gary Railways, Inc., and that a collision occurred between the defendant Gary Railways, Inc., and the automobile driven by the defendant George W. Jones, which caused injury to the plaintiff, Clara Williams, without any fault on the part of the plaintiff, it is presumed that the defendant Gary Railways, Inc., was negligent and is liable to the plaintiff for her injuries, and the burden is placed on the defendant, Gary Railways, Inc., of showing that it was not negligent, and if the evidence on the question of negligence is evenly balanced, the verdict of the jury must be against the defendant, Gary Railways, Inc."

Appellant's objection made to the trial court was as follows:

"As to plaintiff's tendered instruction number five the defendant objects to its being read to the jury because it states that it is presumed the defendant was negligent. Such presumption does not exist.

"Further because the instruction states that if plaintiff is without fault it is a presumption of negligence upon the part of the defendant and defendant is liable, simply upon a showing that plaintiff was a paid passenger wholly ignoring any exercise of ordinary care upon the part of defendant.

"Further the defendant objects to instruction five because it states that if the presumption of negligence is created the burden of showing no negligence is upon the defendant. Defendant asserts that the burden throughout the trial to prove negligence upon the part of the defendant is upon the plaintiff.

"Defendant further objects because this phraseology amounts to the statement that the burden of proof shifts.

"The defendant further objects to this tendered instruction because it states that if the evidence on the question of negligence is evenly balanced the verdict of the jury must be against the defendant.

"The defendant asserts if the evidence is evenly balanced on the question of negligence, then there must be a verdict in favor of the defendant."

We are of the opinion this instruction was erroneous for all of the reasons asserted in appellant's objection. In the recent case of *Wass* v. *Suter et al.* (1949), 119 Ind. App. 655, 84 N. E. 2d 734, 741 (Transfer denied), we quoted recent decisions of the Supreme Court which held that whenever courts instruct juries that this or that may be presumed without evidence of the fact, they have invariably committed error. *There is never a presumption that a party is guilty of negligence. Baltimore & Ohio R. Co.* v. *Reyher, Admx. et al.* (1940), 216 Ind. 545, 549, 551, 24 N. E. 2d 284; *Pennsylvania Railroad Company* v. *Lytle* (1941), 109 Ind. App. 318, 327, 34 N. E. 2d 939; *Munson* v. *Quinn* (1942), 110 Ind. App. 277, 279, 37 N. E. 2d 693; *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 634, 13 N. E. 2d 535; *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 525, 527, 79 N. E. 499. We believe that that part of the opinion in the case of *Indianapolis Street Railway Company* v. *Schmidt* (1904), 163 Ind. 360, 71 N. E. 201 (and the cases cited therein), approving an instruction which asserted (in a *res ipsa loquitur* case) that where an accident happens to a passenger a presumption of negligence on the part of the carrier arises, has been overruled by the above cited cases.

The burden of proof never shifts, but there are occasions where the duty to go forward with the evi-

dence shifts. *Wass* v. *Suter et al., supra,* and authorities there cited. In this case the burden was at all times on the appellee to prove by a fair preponderance of the evidence that the proximate cause of her injuries was the negligence of the appellant. If the evidence of whether or not appellant was guilty of negligence was evenly balanced the verdict and judgment should have been for the appellant.

Judgment reversed.

Draper, C. J.—Not participating.

NOTE.—Reported in 89 N. E. 2d 560.