## MERRIMAN *v.* KRAFT

[No. 667A20. Filed December 18, 1968. Rehearing denied January 22, 1969. Transfer granted July 15, 1969.]

*Bamberger, Foreman, Oswald & Hahn,* Evansville, for appellant.

*John H. Jennings, Harold M. Wilson, Jr., Ross E. Myers,* all of Evansville, for appellee.

CARSON, C. J.—This appeal comes from the Vanderburgh Superior Court, wherein plaintiff-appellee, Marion H. Kraft, filed this action against defendant-appellant, Carita Merriman and defendant-appellee, Firestone Tire and Rubber Company, to recover for personal injuries allegedly sustained when he, as a pedestrian, was struck by an automobile being driven by Carita Merriman. Appellee Kraft's complaint contains three (3) legal paragraphs. Paragraph I, thereof, alleges a cause of action against both defendants as joint tortfeasors. Paragraph II of the complaint, is directed against appellant, Merriman, alone, upon the theory of *res ipsa loquitur.* Paragraph III of the complaint alleges a cause of action against appellee, Firestone, alone, upon the theory of breach of warranty.

Appellee, Firestone, filed answer in admission and denial to Paragraphs I and III of the complaint, under Rule 1-3

of the Rules of the Supreme Court of Indiana. Appellant, Merriman, likewise filed answer in admission and denial to Paragraphs I and II of the complaint, thus forming the issues.

Trial was by jury which returned a verdict for appellee, Kraft, against appellant, Merriman and for Appellee, Firestone, on Paragraph I of the complaint; for appellee, Kraft and against appellant, Merriman on Paragraph II; and, for appellee, Firestone, against appellee, Kraft, on Paragraph III. Damages were assessed against appellant, Merriman, in favor of appellee, Kraft, in the sum of Thirty Thousand ($30,000) Dollars and consistent judgment was entered. Appellant filed her motion for a new trial which was overruled. That ruling constitutes the sole assigned error on appeal.

Appellee, Firestone, filed a timely motion in this court to dismiss the appeal as to it. Pursuant to our finding that appellee, Firestone, was neither a necessary or proper party to this appeal, we sustained the motion. *Carita Merriman v. Marion H. Kraft and Firestone Tire and Rubber Company* (1968), 143 Ind. App. 256, 239 N. E. 2d 609, 15 Ind. Dec. 223.

Appellant's motion for a new trial contains fifty-four (54) specifications of error. As only causes numbered 1, 2, 17, 19, 30, 34, 35, 37, 39 and 44 are argued by appellant, the rest are waived. Rule 2-17, Rules of the Supreme Court of Indiana.

Under Specification No. 34 of appellant's motion for a new trial, she charges error in the giving of appellee Kraft's Instruction No. 9, which purported to instruct the jury upon the doctrine of *res ipsa loquitur*. We agree. Appellee, Kraft's Instruction No. 9, which the court tendered to the jury, reads as follows:

"The Court instructs the jury that the law permits the inference of negligence to be drawn against a defendant under certain sets of facts known as res ipsa loquitur,

which means 'the thing speaks for itself'. This legal principle is properly applied to a situation where the injuring instrumentality is shown to be under the exclusive control of the defendant and the accident is one which under the circumstances does not ordinarily happen if the person controlling the instrumentality uses reasonable care. In such a case the happening of an accident from which an injury results creates a presumption of negligence and shifts to the defendant the burden of proving that it was not caused through any lack of reasonable care on his part.

"I further instruct you that under the rule of res ipsa loquitur the inference of negligence which is drawn from the fact is placed in the scales to be weighed with any and all explanations offered by the defendant. This inference of negligence does not vanish when the defendant comes forward with an explanation, or explanations, but on the contrary stays in the case to be considered by the jury with all the other evidence."

Appellant's objection to the above instruction reads in part as follows:

"7. The third sentence of Paragraph I of Instruction No. 9 is an incorrect and erroneous statement of the law for the reason that where the doctrine of res ipsa loquitur is applicable it does not 'create a presumption of negligence' but only an inference of negligence.

"8. The defendant, Carita Merriman, further objects to the third sentence of Paragraph I of Instruction No. 9 for the reason that the statement that when the doctrine of res ipsa loquitur is applicable the burden of proving that the accident was not caused through any lack of care on the part of the defendant is an erroneous and incorrect statement of the doctrine. When the doctrine is applicable it merely shifts the burden to the defendant of coming forward with evidence of explanation. The burden of proving negligence remains with the plaintiff and does not shift. This Instruction places the burden of proof upon the defendant, Carita Merriman, and is therefore prejudicial and reversible error."

In the argument portion of his brief, appellant argues, in accord with the objections made at the trial, that there is no "presumption" of negligence and that the "burden of proof,"

never shifts. Appellee contends that there is no practical distinction between a "presumption" and an "inference"; nor does it matter if the jury is instructed that the "burden of proof" shifts or that the "burden of going forward with the evidence" shifts.

The doctrine of *res ipsa loquitur* is a rather complicated concept, but under proper circumstances, highly useful in the law of torts. The utility of the doctrine, where it is invoked, depends entirely upon proper application by the jury. The trial court may decide, as a matter of law, whether or not the circumstances presented in a given case require application of *res ipsa loquitur*. If that determination is made in the affirmative, it is incumbent upon the court to plainly and concisely instruct the jury as to how the doctrine shall be applied. We are of the opinion that the instruction above failed to properly appraise the jury as to the weight and purpose of the doctrine of *res ipsa loquitur*. It has been held that there is never a "presumption" that one has been negligent. *Gary Railways, Inc. v. Williams* (1950), 120 Ind. App. 21, 89 N. E. 2d 560; *Baltimore & Ohio R. Co. v. Reyher, Admx., et al.* (1939), 216 Ind. 545, 24 N. E. 2d 284; *Kelley v. Dickerson* (1938), 213 Ind. 624, 13 N. E. 2d 535. Neither does the "burden of proof" shift. *Deming Hotel Co. v. Prox* (1968), 142 Ind. App. 603, 236 N. E. 2d 613 (transfer denied); *Gary Railways, Inc., supra.*

It is for the jury to draw their own inference from a set of circumstances known as *res ipsa loquitur*. That inference is permissive and may be considered by the jury along with all the other evidence, at which time the jury may find the inference to be supported by other evidence or it may fall if it appears to be in opposition to other evidence. This is the weight to be given the inference and for the trial court to instruct the jury to presume negligence is to preempt the prerogative of the jury. In light of the improprieties in the instruction given by the trial court and the inconsistencies which served to render it

ambiguous, we conclude that the jury was not properly appraised of the doctrine. We further feel that the jury may well have been influenced by this instruction adversely to appellant in the determination of their verdict.

For these reasons we feel that appellant is entitled to a new trial. The judgment is reversed and the court is instructed to grant appellant a new trial.

Judgement reversed.

Cooper, J. and Faulconer, J., concur.

Prime, J., dissents without opinion.

NOTE.—Reported in 242 N. E. 2d 526.